1   JOSEPH P. RUSSONIELLO (CABN 44332)
    United States Attorney
2
    BRIAN J. STRETCH (CABN 163973)
3   Chief, Criminal Division

4   OWEN P. MARTIKAN  (CABN 177104)
    Assistant United States Attorney
5
        450 Golden Gate Ave., Box 36055
6       San Francisco, California 94102
        Telephone:  (415) 436-7200
7       Fax: (415) 436-7234
        E-mail: owen.martikan@usdoj.gov
8
    Attorneys for Plaintiff
9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13

14  UNITED STATES OF AMERICA,          )   CR No.  10-0245 JSW
                                       )
15                  Plaintiff,         )   STIPULATION AND
                                       )   [PROPOSED] INTERIM PROTECTIVE
16       v.                            )   ORDER
                                       )
17  KENNETH MARTIN KYLE,               )
                                       )
18                  Defendant.         )
                                       )
19                                     )
                                       )
20  _____)

21       Plaintiff, United States of America, by and through JOSEPH P. RUSSONIELLO, United

22  States Attorney for the Northern District of California, and OWEN P. MARTIKAN, Assistant

23  United States Attorney for the  Northern District of California, and the defendant, KENNETH

24  MARTIN KYLE, and his attorney DAVID MICHAEL BIGELEISEN, hereby stipulate and agree

25  as follows:

26       WHEREAS the defendant is charged in a six-count Indictment charging violations of

27  Title 18, United States Code, sections 2241(c), 2251(a), 2252(a)(1), 2252(a)(2), and

28  2252(a)(4)(B).  In connection with this Indictment, the United States is in possession of computer

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER,
CR No. 10-0245 JSW                                                    1

1  media, materials, and property that it alleges constitute and/or contain images and/or videos of

2  child pornography.

3       WHEREAS pursuant to Title 18, United States Code, section 3509(m), notwithstanding

4  Fed. R. Crim. P. 16, courts are required to deny defense requests to copy, photograph, duplicate,

5  or otherwise reproduce any property or material constituting child pornography if the United

6  States makes the property or material reasonably available to the defendant and provides ample

7  opportunity for the defense to examine it at a government facility.  18 U.S.C. § 3509(m).

8       WHEREAS in order to comply with Title 18, United States Code, section 3509(m), and

9  to allow the defendant the greatest opportunity to prepare an effective defense in preparation for

10  trial in this matter, the United States and defendant agree that disclosure of the alleged

11  contraband materials on the seized computer media are subject to the following restrictions:

12       IT IS HEREBY STIPULATED AND AGREED:

13  1.    The provisions of this Interim Protective Order apply to computer media, materials, and

14  property that the United States alleges constitute and/or contain images and/or videos of child

15  pornography ("alleged contraband materials").  Without conceding that each image and/or video

16  within the alleged contraband materials constitutes child pornography, the defendant agrees that

17  the provisions of this Interim Protective Order apply to the alleged contraband materials.  In the

18  event of a dispute as to whether a specific image and/or video constitutes child pornography, the

19  defendant agrees that the provisions of this Interim Protective Order apply unless and until the

20  counsel for the United States agrees in writing that a specific image and/or video is not child

21  pornography or the Court enters an Order to that effect.

22  2.    The following individuals (the "defense team") may obtain and examine the alleged

23  contraband materials under the conditions set forth herein for the sole purpose of preparing the

24  defense and for no other purpose:

25      a.    Counsel for defendant;

26      b.    Persons employed by defense counsel who are assisting with the preparation of

27          the defense;

28      c.    Defendant, but only in the presence of his/her attorney;

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER,
CR No. 10-0245 JSW

d.    Any expert retained on behalf of the defendant to assist in the defense of this matter;

e.    Any investigator retained on behalf of defendants to assist in the defense of this matter.

3.    The United States shall make one forensic copy of all seized computer media ("defense hard drive") for the defense team. The defense hard drive will be configured in a format requested by the defense team, provided that the tools required to configure the hard drive in the requested format are known to and available to the United States. The defense hard drive shall be made available in a private room at the offices of the United States Attorney, 450 Golden Gate Avenue, San Francisco, CA, 94102, or any other location agreed upon by the parties (the "examination room"). The defense hard drive shall remain in the examination room at all times and shall not removed from the examination room by any member of the defense team. The defense team will have access to the examination room during business hours, or on any other practicable terms that can be agreed upon by the parties, and will be escorted to and from the room by counsel for the United States or a person designated on his/her behalf. While the defense team is reviewing the defense hard drive, no agents of the United States will be permitted inside the examination room, except in the event of a building emergency that requires immediate access to the examination room.

4.    The examination room will have land-line phone access and a computer workstation that meets the minimum system requirements for the defense team to view the alleged contraband materials and/or install software for forensic analysis of the defense hard drive. The computer workstation provided by the United States shall not be connected to the Internet or to any other computer network. The defense team will be permitted to bring into the examination room whatever hardware, software, books, or records it believes necessary to conduct the examination, including a computer on which it may conduct a forensic analysis of the defense hard drive. Any computer brought in by the defense team and used to conduct an examination of the defense hard drive shall not be connected to the Internet or to any other computer network. The defense team will also be permitted to bring in and use a computer that provides internet access at its own

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER,
CR No. 10-0245 JSW

3

expense, provided that any computer used to provide access to the internet is not connected to the computer used to examine the defense hard drive. The defense team will be permitted to leave the computer work station provided by the United States and /or its own computer processing the defense hard drive in its absence. While a computer used by the defense team is processing the defense hard drive in the absence of the defense team, no agents of the United States will be permitted inside the examination room, except in the event of a building emergency that requires immediate access to the examination room. At the conclusion of defense team's use of the examination room, the workstation provided by the United States will be re-imaged. Neither the United States nor its agents will review the defense team's configurations on the workstation at any time.

5.     If agreeable to all parties and practicable, a copy of the defense hard drive may be stored in a locked or restricted location designated by the United States for subsequent examination by the defense team, so that the United States will not have to reimage the defense hard drive for each examination by the defense team. The integrity of this hard drive may be verified by the use of a container sealed with tamper-evident evidence tape. When the defense team has advised counsel for the United States that it has completed its examination of the defense hard drive, the United States will re-image the hard drive to remove all data from the hard drive. Neither the United States nor its agents will review the defense team's configurations on the defense hard drive at any time.

6.     The defense team shall not make copies of and shall not remove any images or videos from the alleged contraband materials without further Court Order. This prohibition includes (1) printing images and images from videos onto paper and (2) duplicating images and videos in any digital format; (3) carrying images and videos off-site from the examination room; and (4) sending images and videos off-site electronically. Non-image files such as word processing files, emails, and other text files may be duplicated to the extent necessary to prepare the defense of this matter but only after the person duplicating the material has confirmed that the file does not contain any embedded image or video files. The defense team may remove printed notes and/or reports provided that the person seeking to remove the notes and/or reports has confirmed that

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER,
CR No. 10-0245 JSW

4

the notes and/or reports do not contain any embedded image or video files.

7.    Prior to receiving access to the materials on any occasion, the defense team members involved in that examination shall sign a copy of this Certification to be filed with the Court acknowledging that:

    a.    S/he has reviewed the Order;

    b.    S/he understands the contents;

    c.    S/he will only access the defense hard drive for the purposes of preparing a defense;

    d.    S/he will not access the defense hard drive from any computer that is connected to the Internet or any local network;

    e.    S/he will not remove the defense hard drive or any alleged contraband materials from the examination room; and

    f.    S/he understands that failure to abide by this Order may result in sanctions by this Court and in state or federal criminal charges for possession, transportation, receipt, or distribution of child pornography.

8.    Upon conclusion of any examination, the defense team members involved in that examination will certify in writing, to be filed with the Court, that s/he has not copied and has not removed the defense hard drive and/or any alleged contraband materials from the examination room.  Except when a member of the defense team involved in that examination fails to provide this certification, no employee of the United States will examine or acquire in any fashion any of the items used by the defense team to conduct its analysis.  If a member of the defense team fails to certify that s/he has not copied and has not removed any alleged contraband materials, the United States may inspect or examine the defense hard drive and any computer and computer media used by the defense team to ensure that contraband has not been removed.

9.    In the event that the defense team inadvertently removes any alleged contraband materials, it shall immediately inform counsel for the United States and return it to him/her within 24 hours.

10.    This Stipulated Order is a negotiated procedure by the parties in this case.  It does not

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER,
CR No. 10-0245 JSW

1   constitute a concession or waiver by the United States regarding discovery procedures generally

2   for providing access to child pornography under Title 18, United States Code, section 3509(m).

3   It also does not represent a stipulation by the defense team conceding the constitutionality of

4   Title 18, United States Code, section 3509(m). This Stipulated Order will permit the parties in

5   the present case to avoid litigation regarding Title 18, United States Code, section 3509(m) but

6   does not represent a waiver or concession in other or future cases.

7   11.     A copy of this Stipulation and Interim Protective Order shall be maintained with the

8   alleged contraband materials at all times.

9   12.     Any disputes concerning this Stipulation and Interim Protective Order shall be resolved

10  by this Court only after counsel for the United States and defendant have first conferred and

11  attempted to resolve the dispute.

12

13  SO STIPULATED:

14

15                                              JOSEPH P. RUSSONIELLO
                                                United States Attorney
16  DATED: 6/1 , ~~2009~~ 2010

17                                              OWEN P. MARTIKAN
                                                Assistant United States Attorney
18  DATED: 5/20 , 2010 ~~2009~~

19                                              DAVID MICHAEL BIGELEISEN
                                                Attorney for Kenneth Martin Kyle
20

21  DATED: ____ , 2010 ~~2009~~

22                                              KENNETH MARTIN KYLE

23  SO ORDERED.

24

25  DATED: _____

26                                              HONORABLE JEFFREY S. WHITE
                                                United States District Court Judge
27

28

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER,
CR No. 10-0245 JSW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 10-0245 JSW |
| Plaintiff, | CERTIFICATION TO INTERIM PROTECTIVE ORDER |
| v. | |
| KENNETH MARTIN KYLE, | |
| Defendant. | |

The undersigned acknowledges that s/he has received a copy of the Interim Protective Order in the matter of <u>United States v. Kenneth Martin Kyle</u>, CR 10-0245 JSW, and has read, understands, and agrees to the terms of the Stipulation and Interim Protective Order, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms and punishment of any violations thereof.

Date: _____

_____
[Name]
[Title]

Having completed an examination of the defense hard drive, I hereby certify that I have not copied and have not removed the defense hard drive and/or any alleged contraband materials from the examination room.

Date: _____

_____
[Name]
[Title]

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER,
CR No. 10-0245 JSW