DAVID MICHAEL BIGELEISEN (SBN #68681)
101 Howard Street, Suite 310
San Francisco, CA 94105
(415) 957-1717
e-mail: dmbigeleisen@gmail.com

Attorney for Defendant:
KENNETH MARTIN KYLE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>- against -<br><br>KENNETH MARTIN KYLE<br><br>        Defendant. | CASE NO. CR 10 0245 JSW<br><br>NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY<br><br>HEARING DATE: November 10, 2010<br><br>TIME: 1:00 P.M.<br><br>COURTROOM: 11, Nineteenth Floor |

DOCUMENTS ATTACHED:

1. Memorandum of Points and Authorities
2. Declaration of David Michael Bigeleisen
3. Exhibits 1 through 8

///

///

*Notice of Motion and Motion to Compel Discovery*

TO:     Melinda Haag and Owen Martikan, Office of the United States Attorney:

Comes now the Defendant, Kenneth Kyle and moves for an order compelling discovery of the following things:

1. A list of the code names which the government has used to communicate with Mr. Kyle.
2. A complete copy of all notes, records and logs which government agents have created as part of their investigation.
3. Records of all text, chat, e-mails or other digital evidence or written reports between government agents and Mr. Kyle.
4. Documentation of any targeted on line site where initial contact was made.
5. The identity and address of the agents who conducted the investigation.
6. All results of investigation done in the State of Missouri, both by State and Federal authorities.
7. Documentation of all searches of Mr. Kyle's computers, cameras and cell phones, including initial warrants and inventories, as well as subsequent applications for warrants, subsequent warrants and Court orders.
8. Results of DNA tests as well as such other relief as is just and proper.

This motion is made on the following grounds:

1. The items are material to the preparation of Mr. Kyle's defense.
2. The government will use these things in its case in chief at trial.
3. The items were obtained from or belong to the defendant.
4. Disclosure is compelled under <u>Brady v. Maryland</u> 373 U.S. 83 (1963)

///

///

///

*Notice of Motion and Motion to Compel Discovery*

2

This motion is based on this notice, the attached memorandum of points and authorities, declaration of David Michael Bigeleisen and exhibits, as well as such matters as will be adduced at the hearing on this motion.

This motion will be heard in Courtroom 11 located at the United States Courthouse at 450 Golden Gate Avenue on November 10, 2010 at 1:00 P.M..

Dated: October 4, 2010

DAVID MICHAEL BIGELEISEN
Attorney for the Defendant:
KENNETH MARTIN KYLE

*Notice of Motion and Motion to Compel Discovery*

3

DAVID MICHAEL BIGELEISEN (SBN #68681)
101 Howard Street, Suite 310
San Francisco, CA 94105
(415) 957-1717
e-mail: dmbigeleisen@gmail.com

Attorney for Defendant:
KENNETH MARTIN KYLE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | CASE NO. CR 10 0245 JSW |
| | ) | |
| | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES IN SUPPORT OF |
| - against - | ) | MOTION TO COMPEL DISCOVERY |
| | ) | |
| | ) | |
| KENNETH MARTIN KYLE | ) | HEARING DATE: November 10, 2010 |
| | ) | |
| | ) | TIME:  1:00 P.M. |
| Defendant. | ) | |
| | ) | COURTROOM:  11, Nineteenth Floor |
| | ) | |
| | ) | |

DOCUMENTS ATTACHED:

    1.   Notice of Motion and Motion to Compel Discovery

    2.   Declaration of David Michael Bigeleisen

    3.   Exhibits 1 through 8

/ / /

/ / /

*Memorandum of Points and Authorities in Support of Motion to Compel Discovery*

4

DAVID MICHAEL BIGELEISEN
ATTORNEY
101 HOWARD STREET, SUITE 310
SAN FRANCISCO, CALIFORNIA 94105
(415) 957-1717

CHRONOLOGY

In late 2009 or early 2010, the FBI began an internet investigation of Mr. Kyle. The discovery provided by the government reflects that the investigation was of peer to peer file sharing. See, for example Exhibit 1.

The information which the FBI had gathered was forwarded to the San Francisco Police Department. The San Francisco police obtained a warrant to search Mr. Kyle's home. Please see Exhibit 2.

On March 10, 2010, the San Francisco Police Department searched Mr. Kyle's apartment. That search resulted in a seizure of several notebook computers, and additional information. Please see Exhibit 3. The government mentions that the computer information contained evidence of child pornography and distribution of child pornography.

The San Francisco Police Department and the United States government learned that Mr. Kyle was to return to the United States on March 15, 2010. He was detained at San Francisco International Airport by customs officials and the San Francisco police. Please see Exhibit 4.

ICE agents seized Mr. Kyle's notebook computer and his cell phone at the airport search. There was no warrant. The authorities conducted a search of Mr. Kyle's notebook computer, and his cell phone.

The information gathered from Mr. Kyle's computer which was seized at the airport, as well as from his cell phone led to the Missouri investigation and to much of the evidence which is the basis of this prosecution.

The search of Mr. Kyle's cell phone led ICE individuals to identify Tessa Van Vlerah. Ms. Van Vlerah is a co-defendant in this case.

///

*Memorandum of Points and Authorities in Support of Motion to Compel Discovery*

ICE agent traveled to Missouri. They interviewed Ms. Van Vlerah at least three times. Two of the interviews were recorded.

Missouri authorities have also conducted their own investigation. Mr. Kyle believes that the fruits of the Missouri investigation are available to the Federal government.

Mr. Kyle was indicted on April 1, 2010.

On April 16, government agents once again searched Mr. Kyle's apartment. They had a warrant to do so. Among other things, they seized travel documents, a digital camera, a computer and some computer information, and several sex toys. The government maintains that some of these things are evidence of guilt.

ITEMS FOR WHICH DISCOVERY IS SOUGHT

Mr. Kyle seeks discovery of the following items:

1. A list of the code names which the government has used to communicate with Mr. Kyle.

2. A complete copy of all notes, records and logs which government agents have created as part of their investigation.

3. Records of all text, chat, e-mails or other digital evidence or written reports between government agents and Mr. Kyle.

4. Documentation of any targeted on line site where initial contact was made.

5. The identity and address of the agents who conducted the investigation.

6. All results of investigation done in the State of Missouri, both by State and Federal authorities.

///

///

*Memorandum of Points and Authorities in Support of Motion to Compel Discovery*

7.  Documentation of all searches of Mr. Kyle's computers, cameras and cell phones, including initial warrants and inventories, as well as subsequent applications for warrants, subsequent warrants and Court orders.

8.  Results of DNA tests as well as such other relief as is just and proper.

The government has conducted an electronic search of Mr. Kyle's computers. It appears that some of the information was gathered by peer to peer file sharing. Part of the inquiry above is to obtain specificity as to the nature of the search. Part of the inquiry is to find out whether the government has invaded Mr. Kyle's computers and his privacy in another way than peer to peer file sharing. This information will be useful in a motion to suppress evidence. The information can be compelled in a more cumbersome way pursuant to a motion under the Fourth Amendment, but it will more orderly to take inventory of this information in advance.

The government has stated that it will not provide a response to items 1 and 5. The stated reason is that to do so will jeopardize an ongoing investigation. This problem can be avoided with a protective order.

The government states that it has a log of the session which the FBI spent while searching Mr. Kyle's computer. They will not produce this.

The government states that there have been no direct communication between the FBI and Mr. Kyle.

Mr. Kyle seeks information concerning the investigation which was done in Missouri, both by State and Federal authorities. The government states that there is more information to be forthcoming from federal authorities, and that the results of the Missouri State investigation will be forthcoming as well.

///

///

*Memorandum of Points and Authorities in Support of Motion to Compel Discovery*

Mr. Kyle seeks documentation of all of the searches of his computers, cameras and cell phones. He seeks records of all initial warrants and inventories, and any subsequent Court orders and applications.

It is agreed that the searches of Mr. Kyle's computer, and cell phone as they were seized at the airport were done without warrant. Complete documentation of these searches will help in the determination of whether the Fourth Amendment was violated.

In addition, Mr. Kyle seeks information to learn whether authorities have complied with the appropriate protocols as outlined in the series of cases of United States v. Comprehensive Drug Testing, Inc. 2010 Daily Journal D.A.R. 11941, 2010 WL 3529247 (C.A. 9 CAL.)

The government has stated that it will perform some DNA tests on some of the items which it has seized. The results of these tests may or may not shed light on issues of guilt or innocence. The government has stated that it will provide the results of these tests.

The items which are requested are material to the preparation of Mr. Kyle's defense. In particular, most of those items requested are directed to a motion to suppress evidence. Please see FRCrP 16 (a)(1)(E)(i) and FCRrP 16 (a)(1)(F). These items must also be produced under the more general requirements of Brady v. Maryland 373 U.S. 83 (1963).

The government maintains that some information must remain secret because revealing it would jeopardize ongoing investigations. Under FRCrP 16 (d)(1) the Court may issue an appropriate protective order. Counsel for Mr. Kyle is hard put to try to fashion such a protective order, without knowing what the information consists of, or more appropriately, how its disclosure would affect ongoing investigations.

*Memorandum of Points and Authorities in Support of Motion to Compel Discovery*

1  If the items for which discovery is sought are produced before the hearing on this
2  motion, counsel will inform the Court.

### CONCLUSION

The items sought are material to the preparation of Mr. Kyle's defense. They are necessary and useful in preparing a motion to suppress evidence under the Fourth Amendment, or otherwise. Mr. Kyle expects that the government will use these items in its case in chief. The items were obtained from or belong to Mr. Kyle. Disclosure is required under Brady v. Maryland.

Dated:      October 4, 2010

_____
DAVID MICHAEL BIGELEISEN
Attorney for the Defendant:
KENNETH MARTIN KYLE

DAVID MICHAEL BIGELEISEN (SBN #68681)
101 Howard Street, Suite 310
San Francisco, CA 94105
(415) 957-1717
e-mail: dmbigeleisen@gmail.com

Attorney for Defendant:
KENNETH MARTIN KYLE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | CASE NO. CR 10 0245 JSW |
| | ) | |
| - against - | ) | DECLARATION OF DAVID MICHAEL BIGELEISEN IN SUPPORT OF MOTION TO COMPEL DISCOVERY |
| KENNETH MARTIN KYLE, | ) | |
| | ) | HEARING DATE: November 10, 2010 |
| Defendant. | ) | TIME: 1:00 P.M. |
| | ) | COURTROOM: 11, Nineteenth Floor |

DOCUMENTS ATTACHED:

    1.   Notice of Motion and Motion to Compel Discovery

    2.   Memorandum of Points and Authorities

    3.   Exhibits 1 through 8

I, David Michael Bigeleisen, declare and say:

    1.   I am an attorney duly admitted to practice before the United States District

*Declaration of David Michael Bigeleisen in Support of Motion to Compel Discovery*

1  Court for the Northern District of California. Unless otherwise stated, I have personal
2  knowledge of the matter set forth herein.
3      2.   This is a prosecution for violation of 18 U.S.C. 2241(c), 18 U.S.C. 2251(a),
4  18 U.S.C. 2252(a) (2), 18 U.S.C. 2251(a), 18 U.S.C. 2252(a)(2), 18 U.S.C. 2252(a)(1)
5  and 18 U.S.C. 2252(a)(4)(B).
6      3.   <u>Documents</u>
7      Exhibit 1 is a copy of an FBI memorandum dated 12/7/2009 reflecting part of the
8  investigation of Mr. Kyle.
9      Exhibit 2 is a copy of the Warrant issued under California state process for the
10 search of Mr. Kyle's apartment on March 10, 2010.
11     Exhibit 3 is an inventory of the items seized pursuant to the March 10, 2010
12 search.
13     Exhibit 4 reflects the events which happened at Mr. Kyle's arrest at San
14 Francisco International Airport on March 15, 2010.
15     Exhibit 5 consists of three pages and contains the results of the search of Mr.
16 Kyle's apartment on April 16, 2010.
17     Exhibit 6 reflects the search of Mr. Kyle's computer at the San Francisco
18 International Airport.
19     Exhibits 1 through 6 were provided to me as discovery by the United States
20 Attorney on this case, or by the District Attorney's Office in Superior Court, San
21 Francisco County Criminal Case No. 10008272.
22     4.   On August 31, 2010, I visited the office of Homeland Security to view some
23 of the items which the government had seized from Mr. Kyle. I spoke with special
24 agent Annalisa Nogales. She told me that a search of Mr. Kyle's cell phone, or of his
25 computer or both had led her to the investigation in Missouri. Thus, all of the
26
27
28 *Declaration of David Michael Bigeleisen in Support of Motion to Compel Discovery*

background of the investigation of these things, as well as applications in compliance with the case of United States v. Comprehensive Drug Testing are critical.

5. I have been diligent in pursuing discovery. On April 27, 2010, I wrote to the United States Attorney, requesting discovery. The government provided a large part of that which was requested. I followed through with a letter dated September 14, 2010 requesting further specific things. Copies of the letter dated April 27, 2010 and September 14, 2010 are attached as Exhibits 7 and 8.

6. On October 1, 2010, Mr. Martikan spoke with me by telephone. He informed me of the things which the government would produce, and those which it would not produce. Those things are more completely spelled out in the attached Memorandum of Points and Authorities.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California this 4th day of October, 2010.

*[signature]*
DAVID MICHAEL BIGELEISEN
Attorney for the Defendant:
KENNETH MARTIN KYLE

DAVID MICHAEL BIGELEISEN
ATTORNEY
101 HOWARD STREET, SUITE 310
SAN FRANCISCO, CALIFORNIA 94105
(415) 957-1717

*Declaration of David Michael Bigeleisen in Support of Motion to Compel Discovery*