MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

OWEN P. MARTIKAN (CSBN 177104)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7241
    Facsimile: (415) 436-7234
    owen.martikan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 10-0245 JSW |
| ) | |
| Plaintiff, ) | **THE UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY** |
| v. ) | |
| KENNETH MARTIN KYLE, ) | |
| ) | Date: November 10, 2010 |
| Defendant. ) | Time: 1:00pm |
| ) | Place: Courtroom 11, 19th Floor |

### INTRODUCTION

Defendant Kenneth Kyle's discovery motion is largely moot. The information sought by that motion has been produced to the extent that it is in the United States' custody and control. The United States has withheld some information that is pertinent to other ongoing investigations, although even a significant portion of that information was produced to the defense inadvertently. This opposition clarifies what discovery has already been produced to the defense, what discovery has not been produced because it is not within the United States' custody or control, and what discovery has been withheld as not subject to discovery.

**STATEMENT OF FACTS**

Defendant Kenneth Kyle has been charged in five counts of a six-count indictment with aggravated sexual abuse of a minor, production of child pornography, distribution of child pornography, transportation of child pornography, and possession of child pornography, in violation of 18 U.S.C. §§ 2241(c), 2251(a), and 2252(a).

The United States alleges that Kyle met his co-defendant, Tessa Van Vlerah, on a fetish website in early 2009, and began a sexual relationship with her in order to gain access to her infant daughter so that he could create child pornography depicting himself and Van Vlerah sexually abusing the infant.[1]  Kyle, at the time an assistant professor at Hayward State University, traveled repeatedly from his home in San Francisco to Van Vlerah's home in St. Louis, sexually abused Van Vlerah's infant daughter, and took numerous pictures of the abuse.  Kyle's abuse came to light when the FBI – as part of an undercover operation targeting child pornography distributors who used a "members only" peer-to-peer file sharing network – identified Kyle as a distributor of child pornography featuring the sexual abuse of toddlers and infants.

The FBI passed this information on to the San Francisco Police Department, who obtained and executed a search warrant at Kyle's home.  During the search, the police learned that Kyle was out of the country, and informed Customs & Border Protection of this fact.  When Kyle returned to the United States through San Francisco International Airport, Customs inspectors found child pornography featuring infants and toddlers on his laptop computer, and sexually suggestive outgoing text messages to Van Vlerah on Kyle's cellular phone.  Kyle was arrested at the airport on state child pornography charges.  ICE agents investigated the text messages to Van Vlerah because they appeared to be directed to a minor, but later learned that Van Vlerah, while an adult, was depicted with her infant daughter in a large collection of child pornography on Kyle's computers.  Van Vlerah, currently in the custody of state authorities in St. Louis, has confessed to her and Kyle's sexual abuse of her baby daughter, who is in protective custody.

---

[1] The factual allegations that follow are a summary of facts sworn to in affidavits supporting search warrants that have been produced to the defense in discovery.

USA'S OPPOSITION TO MOTION TO COMPEL
CASE NO. CR 10-0245 JSW                    2

ICE agents obtained a federal search warrant for Kyle's home, where they found the camera that was used to take child pornography pictures featuring Van Vlerah's daughter, travel records to and from St. Louis that are consistent with Kyle's trips there, and sex "toys" consistent with those depicted in some of the child pornography photographs. Very recently, ICE agents obtained a DNA sample of the infant victim, which will be tested against the objects seized from Kyle's condominium.

Kyle has been charged by state authorities in St. Louis in connection with the sexual abuse that occurred there, and by a federal grand jury in the Eastern District of Missouri for aggravated sexual abuse and production of child pornography. Those charges are still pending. Kyle is currently in custody in this District.

## ARGUMENT AND AUTHORITIES

In his motion, Kyle asks for eight categories of information, which the United States will address in turn: (1) a list of code names that the FBI undercover agent used to communicate with Kyle; (2) a copy of all notes, records and logs created by government agents; (3) all text, chats, emails, or "other digital evidence or written reports" between government agents and Kyle; (4) documentation of any "targeted online site where initial contact was made"; (5) the identity and address of agents who conducted the investigation; (6) all results of investigations done in Missouri, whether by federal or state law enforcement; (7) documentation of all searches of Kyle's computers, cameras, and cell phones; and (8) results of any DNA tests.

**I.   THE UNITED STATES HAS PRODUCED ALL OF THE INFORMATION TO WHICH KYLE IS ENTITLED.**

Virtually all of the information requested by Kyle, to the extent that it exists, has been produced to Kyle or will be produced once it becomes available to the United States. With the exceptions set forth below, the Court should find this motion moot.

The United States has produced – in fact inadvertently produced – the code name with which the FBI undercover agent communicated with Kyle, and it is set forth at Exhibit 1 to Kyle's motion. Because this code name, which is involved in several other ongoing investigations, was produced inadvertently with an apparently non-Bates numbered FBI report,

the United States hopes that Kyle will cooperate in developing a protective order that will protect further dissemination of the code name.  A different FBI undercover agent received child pornography using a different code name, but this session has not been charged as criminal conduct and the United States does understand Kyle to be seeking this other code name.

Kyle also requests all "notes, records, and logs" created by government agents.  The United States has provided Kyle with all of its agents' reports.  Agents' notes are not discoverable unless they contain information subject to disclosure under *Brady* or the Jencks Act. *See, e.g., United States v. Reed*, 575 F.3d 900, 920-21 (9th Cir. 2009).  In *Reed*, the Ninth Circuit also noted that an agent's rough notes are rarely sufficiently complete to be considered Jencks Act statements, and that the agent's formal interview report typically serves this purpose. *Id*. at 921.  In this case, the United States does not have custody or control of agents' notes that contain discoverable *Brady* or Jencks Act material.  Kyle has shown no other reason to require the United States to produce its agents' notes.

Kyle's request for texts, chats, and email communications between Kyle and any federal government agent is moot, as no such communications exist.  To the extent that digital evidence or reports of such communications exist, the reports have been produced to Kyle and the digital evidence has been made available pursuant to the parties' protective order.

Kyle requests documentation of any targeted online site at which the FBI undercover agent made contact with Kyle, but no such documentation exists.  The FBI undercover agent made contact with Kyle through the use of a peer-to-peer software application that allows users to create private "members only" groups for the exchange of digital files.  The FBI undercover agent used a code name that was associated with one of Kyle's private groups.  Thus, by appearing to be a member of Kyle's group, the FBI undercover agent was able to receive child pornography files directly from Kyle's computer.  The identity of the FBI agent who communicated with Kyle was inadvertently disclosed to him in the document attached to Kyle's motion as Exhibit 1.  Kyle has provided no rationale for requiring the United States to produce that agent's address, or the address of any other law enforcement witness.  For Kyle's information, the report at Exhibit 1 shows that the agent at issue works at the FBI office in

Richmond, Virginia. The other federal agents involved in this investigation are named in reports that have already been produced to Kyle, and their duty stations are also noted in those reports.

Kyle has requested all results of federal and state investigations undertaken in Missouri. The United States has recently received federal and state investigation reports from Missouri, and has produced them to the defense. To the extent that the United States receives discoverable material from the Missouri state investigation, it will be produced. However, the local authorities there are pursuing their own investigation, and the United States does not have custody or control of their evidence and records. The Ninth Circuit has recognized that state and local investigation reports are not in the custody or control of the United States unless the reports were created in furtherance of a federal investigation and are actually relinquished to federal possession. *United States v. Fort*, 472 F.3d 1106, 1118 (9th Cir. 2007).

Kyle requests documentation of all searches performed on Kyle's computers, cell phones, and cameras. This information has all been produced to the defense.

Finally, Kyle requests the results of any DNA tests. The United States has only just received DNA samples from the infant victim in this case, which it intends to test against the sex "toys" found in Kyle's home. Due to the delay in receiving this DNA sample from local authorities in Missouri, this testing has not been done. Once the tests have been completed, the United States does not object to providing this information to the defense.

## II. THE UNITED STATES SHOULD NOT BE REQUIRED TO DISCLOSE ITS UNDERCOVER IDENTITIES AT THIS STAGE OF LITIGATION.

As described above, the United States inadvertently produced an FBI report revealing the undercover identity used by its agent to receive child pornography from Kyle. Despite this inadvertent production, the United States does not intend to produce the computer registry showing the actual file transfer of the child pornography files from Kyle to the FBI agent. This registry contains not only the FBI's undercover name, but also the code names of other FBI targets involved in open investigations around the country. Public disclosure of the FBI's use of this code name could alert other targets of the investigations to destroy evidence or flee. Furthermore, with respect to the FBI report that includes the undercover agent's code name, the

CASE NO. CR 10-0245 JSW                    5

1  United States intends to seek a stipulated protective order preventing additional public
2  disclosure.
3      While this undercover information may become subject to disclosure if this case were to
4  proceed to trial and the United States were to use it in its case in chief, the United States asks the
5  Court not to order its discovery until a trial date is set in this case.

## CONCLUSION

7      For the reasons stated herein, the United States asks the Court to deny the defendant's
8  motion to compel discovery.
9  DATED: October 18, 2010                    Respectfully submitted,

                                              MELINDA HAAG
                                              United States Attorney


                                              _____/s/_____
                                              OWEN P. MARTIKAN
                                              Assistant United States Attorney

USA'S OPPOSITION TO MOTION TO COMPEL
CASE NO. CR 10-0245 JSW                    6