1  DAVID MICHAEL BIGELEISEN (SBN #68681)
   101 Howard Street, Suite 310
2  San Francisco, CA 94105
   (415) 957-1717
3  e-mail: dmbigeleisen@gmail.com
   Attorney for Defendant:
4  KENNETH MARTIN KYLE

5

6              IN THE UNITED STATES DISTRICT COURT

7            FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
   UNITED STATES OF AMERICA    )
9                              )
                               )  CASE NO. CR 10 0245 JSW
           Plaintiff,          )
10                             )
                               )  NOTICE OF MOTION AND MOTION
                               )  TO SUPPRESS EVIDENCE
11     - against -             )
                               )  DATE:   JANUARY 19, 2011
12                             )
   KENNETH MARTIN KYLE         )  TIME:   9:00 A.M.
13                             )
                               )  COURTROOM 11, 19th FLOOR
14         Defendant.          )
                               )
15

16

17 DOCUMENTS ATTACHED:

18 1.   Memorandum of Points and Authorities

19 2.   Declaration of David Michael Bigeleisen

20 3.   Exhibit 1

21 TO:  MELINDA HAAG, OWEN MARTIKAN,
        OFFICE OF THE UNITED STATES ATTORNEY
22

23     Comes now the defendant, Kenneth Kyle and moves to suppress the following
24 evidence:

25

26 *Notice of Motion and Motion to Suppress Evidence*

27

28

1. Results of the search of Mr. Kyle's cell phone at the airport on March 15, 2010

2. Results of e-mail searches at the airport on March 15, 2010

3. The results of searches of Mr. Kyle's notebook computer after it was taken from the airport

4. The fruits of those searches, including, but not limited to:

    – interviews with Tessa Van Vlerah and the information gained from those interviews

    – photographs of the child

    – other information gathered from the investigation in Missouri

    – information gathered from the search of Mr. Kyle's apartment on April 10, 2010, as well as the fruits thereof

This motion is made on the ground that the search by government agents of Mr. Kyle's person and possessions, which occurred on March 15, 2010 was in violation of the Fourth Amendment of the Constitution of the United States of America. This motion is based on this notice, the attached memorandum of points and authorities, the attached declaration of David Michael Bigeleisen, as well as such other evidence as will be adduced at the hearing on this motion.

This motion will be heard in Courtroom 11, on the nineteenth floor of the United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, California on January 19, 2011 at 9:00 A.M..

Dated: November 24, 2010

*signature*
DAVID MICHAEL BIGELEISEN
Attorney for Defendant:
KENNETH MARTIN KYLE

Notice of Motion and Motion to Suppress Evidence

2

DAVID MICHAEL BIGELEISEN (SBN #68681)
101 Howard Street, Suite 310
San Francisco, CA 94105
(415) 957-1717
e-mail: dmbigeleisen@gmail.com
Attorney for Defendant:
KENNETH MARTIN KYLE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CASE NO. CR 10 0245 JSW |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES IN SUPPORT OF |
| - against - | ) | MOTION TO SUPPRESS EVIDENCE |
| | ) | |
| | ) | DATE:   JANUARY 19, 2011 |
| KENNETH MARTIN KYLE | ) | |
| | ) | TIME:    9:00 A.M. |
| | ) | |
| Defendant. | ) | COURTROOM 11, 19th FLOOR |
| | ) | |

DOCUMENTS ATTACHED:

1. Notice of Motion

2. Declaration of David Michael Bigeleisen

3. Exhibit 1

FACTUAL BACKGROUND

In late 2009 or early 2010, the FBI began an internet investigation of Mr. Kyle. The information which the FBI had gathered was forwarded to the San Francisco Police Department. The San Francisco police obtained a warrant to search Mr. Kyle's home.

*Memorandum of Points and Authorities in Support of Motion to Suppress Evidence*

On March 10, 2010, the San Francisco Police Department searched Mr. Kyle's apartment. That search resulted in a seizure of several notebook computers, and additional information. The government maintains that the computer information contained evidence of child pornography and distribution of child pornography.

The San Francisco Police Department learned that Mr. Kyle was to return to the United States from Europe in March 15, 2010. They alerted the federal authorities at the San Francisco International Airport.

Customs officials detained Mr. Kyle at the airport. They searched his notebook computer for contraband, and they seized it.

They did much more. Federal officials searched Mr. Kyle's e-mails in his computer. They also searched his cell phone for messages, text messages, and phone numbers. They were not searching for contraband. They were investigating further in pursuit of a criminal investigation.

They removed Mr. Kyle's notebook computer and his cell phone from the airport. They waited six days. On March 21, 2010, Annalisa Nogales searched the cell phone, not seeking contraband, but seeking further information to conduct a criminal investigation. ICE agents also conducted a further search of Mr. Kyle's computer.

ICE agent Annalisa Nogales conducted this search in order to investigate possible further cases of child pornography or child abuse. But she could have presented the matter to a magistrate and requested a warrant quite easily. She did not.

The federal authorities travelled to Missouri. There they met and interviewed Tessa Van Vlerah at least three times. Two of these interviews were recorded.

Following the Missouri investigation, federal authorities obtained a warrant to search Mr. Kyle's apartment once again. They found evidence of travel, and financial documents.

*Memorandum of Points and Authorities in Support of Motion to Suppress Evidence*

4

The federal authorities also found a digital camera, further computer information and sex toys.

All of the information which the authorities gathered upon the search of Mr. Kyle's cell phone and e-mails, and thereafter was on furtherance of a criminal investigation. It was not related to an administrative border search. It was unlawful, and yielded fruit of the poisonous tree.

ITEMS TO BE SUPPRESSED

1. Results of the search of Mr. Kyle's cell phone at the airport on March 15, 2010

2. Results of e-mail searches at the airport on March 15, 2010

3. The results of searches of Mr. Kyle's notebook computer after it was taken from the airport

4. The fruits of those searches, including, but not limited to:

   – interviews with Tessa Van Vlerah and the information gained from those interviews

   – photographs of the child

   – other information gathered from the investigation in Missouri

   – information gathered from the search of Mr. Kyle's apartment on April 10, 2010, as well as the fruits thereof

THE AUTHORITY OF THE GOVERNMENT TO CONDUCT AN ADMINISTRATIVE SEARCH AT THE BORDER IS LIMITED TO SEIZURE OF CONTRABAND AND EXCLUSION OF THOSE NOT AUTHORIZED TO ENTER

On March 15, 2010 Mr. Kyle entered the United States at San Francisco International Airport from Europe. Members of the San Francisco Police Department had alerted ICE agents and BCE agents that Mr. Kyle might have contraband on his

*Memorandum of Points and Authorities in Support of Motion to Suppress Evidence*

computer. Federal agents Vanessa Golden, Mejia, Petersen, Gould and Shan took Mr. Kyle aside, and began to search Mr. Kyle's computer for child pornography.

But the agents did much more, they searched his computer and cell phone for e-mails, text messages, and records of telephone calls. This portion of the search was not directed to detecting contraband. It was done in furtherance of an ongoing criminal investigation. Thus, it was beyond the scope of a border search. It was forbidden.

The purpose of a border search is to regulate the collection of articles, and to prevent the introduction of contraband into the country. United States v. Flores-Montano 541 U.S. 149 (2004), at pp 152, 153. Please see also United States v. Alfonso 759 F.2d 728 (9th Cir. 1985) at p. 733, United States v. Ramsey 431 U.S. 606 (1977) at p 618.

These cases describe the scope if an administrative customs search by the government at the border. The scope is not unlimited.

In United States v. Davis 482 F. 2d 893 (9th Cir. 1973) the government conducted an administrative search of Mr. Davis' luggage as he was about to board an airplane. The search was conducted as part of a regulatory scheme to insure air travel safety. The Ninth Circuit held searches as part of a general regulatory scheme may be permitted at the border if they are in furtherance of an administrative purpose. But if the purpose of the search is in furtherance of a criminal investigation, then it violates the Fourth Amendment. The Court went on to say that the "... search must be limited in its intrusiveness as is consisted with the administrative needs that justify it." There is an obvious danger that screening passengers and their luggage for weapons and explosives will be subverted into a general search for evidence of a crime. If this occurs, the courts will exclude the evidence obtained. (emphasis added.)

/ / /

*Memorandum of Points and Authorities in Support of Motion to Suppress Evidence*

In <u>United States v. $124, 570 U.S. Currency</u> 873 F.2d 1290 (9th Cir. 1989)

The government again conducted an administrative search. They seized United States currency, and the owner moved for its return. The Ninth Circuit was explicit in limiting the scope of administrative border searches to the purpose for which it was designed. A general search for evidence of a crime exceeds the scope of such a search.

> To the extend that administrative searches are used for purposes other than those contemplated by the regulatory scheme, they may fall outside the rationale by virtue of which we have approved them. Specifically, in <u>Davis</u> we recognized the danger that "the screening of passengers and their carry-on luggage for weapons and explosives will be subverted into a general search for evidence of crime." <i>Id</i>. at 909. Should that danger materialize, we noted, we would not hesitate to exclude the evidence so obtained.
> p 1243

The Supreme Court has repeatedly emphasized the importance of keeping criminal investigative motives from coloring an administrative search. Administrative searches are not aimed at discovery of a crime.

In <u>United States v. Seljan</u> 547 F.3d 993 (9th Cir. 2008) the government took the position that anything goes at the border. The Ninth Circuit disagreed. Rather, it stated that customs officials may conduct searches at the international border to identify the illegal transportation of contraband or undeclared articles across the border. A border search is a narrow exception to the Fourth Amendment prohibition. And searches of persons entering the country are treated as equal to those exiting the country. See also <u>United States v. Cardona</u> 769 F.2d 625 (9th Cir. 1985)

In this case, the property was seized at the border, but the searches were done elsewhere. They were done at least 6 or 7 days after Mr. Kyle entered the country. By this time, the agents were no longer seeking to stop contraband from entering the country. And the searches were quite attenuated from a border entry search.

1  There was more than ample time to get a warrant.

2  The cases of United States v. Arnold 533 F.3d 1003 (9th Cir. 2008), United States v. Romm 455 F.3d 990 (9th Cir. 2005) and United States v. Alfonso 759 F.2d 728 (9th Cir. 1985) are distinguishable from Mr. Kyle's case.

In Alfonso, the local police and the United States government had already instituted the investigation before they searched the vessel Ciudad de Santa Maria. The search of the ship was deemed to be a border search, and the search was to intercept contraband, to wit: cocaine.

In Arnold, the search by customs authorities was limited to a search fo Mr. Arnold's laptop computer. The agents were looking for child pornography, and that is exactly what they found. They did not look further to find evidence of other crimes. They did not search e-mails or text messages.

Similarly, in Romm the search at the border was for child pornography and that is exactly what the government found. The search did not go beyond a search for contraband. And, of course, in Romm the defendant consented to the search. See p 994.

Under Wong Sun v. United States 371 U.S. 471 (1963) the fruits of the poisonous tree are also tainted. Thus, all which followed the illegal search fo Mr. Kyle's e-mails and cell phone must be suppressed.

CONCLUSION

The authority of the government to search for contraband or illegal aliens at the border is very broad. But it is not unlimited. The authority of the government to search at the border is governed by the purpose of the search, and the need for the search.

/ / /

/ / /

*Memorandum of Points and Authorities in Support of Motion to Suppress Evidence*

When the scope of the government's search exceeds the need to detect contraband or aliens, then the scope of the search exceeds the border exception to the Fourth Amendment. In this case, government conduct went far beyond a permissible border search, in place, time, and scope. As such, it is illegal.

The results of the search of Mr. Kyle's cell phone, e-mails, computer, and all which followed those searches must be suppressed.

Dated:   November 24, 2010

_____
DAVID MICHAEL BIGELEISEN
Attorney for Defendant:
KENNETH MARTIN KYLE

*Memorandum of Points and Authorities in Support of Motion to Suppress Evidence*

DAVID MICHAEL BIGELEISEN (SBN #68681)
101 Howard Street, Suite 310
San Francisco, CA 94105
(415) 957-1717
e-mail: dmbigeleisen@gmail.com
Attorney for Defendant:
KENNETH MARTIN KYLE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| Plaintiff, | ) | CASE NO. CR 10 0245 JSW |
| | ) | |
| | ) | DECLARATION OF DAVID MICHAEL BIGELEISEN IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE |
| - against - | ) | |
| | ) | |
| KENNETH MARTIN KYLE | ) | DATE:    JANUARY 19, 2011 |
| | ) | |
| | ) | TIME:    9:00 A.M. |
| Defendant. | ) | |
| | ) | COURTROOM 11, 19th FLOOR |

DOCUMENTS ATTACHED:

1. Notice of Motion

2. Memorandum of Points and Authorities

3. Exhibit 1

I, David Michael Bigeleisen, declare and say:

1. I am the attorney for Kenneth Kyle in this matter.

2. Mr. Kyle was stopped at San Francisco International Airport on March 15, 2010. ICE agents searched his notebook computer. They also searched

*Declaration of David Michael Bigeleisen in Support of Motion to Suppress Evidence*

conducted a search pursuant to an ongoing criminal investigation. I am informed and believe that the things contained in this paragraph based on the reports provided by the government, and statements made by ICE agent Annalisa Nogales.

3. ICE agents used the information that they found in Mr. Kyle's cell phone to identify Tessa Van Vlerah. They travelled to Missouri where they interviewed Ms. Van Vlerah. With the information which they gathered, federal agents applied for warrant to search Mr. Kyle's apartment once again. There they found travel documents, financial records, a camera and sex toys. I am informed and believe that the items in the paragraph are truly based on the reports already provided by the government in this case.

4. Attached as Exhibit 1 is the affidavit of Annalisa Nogales in support of the warrant for the search of Mr. Kyle's residence. It is dated April 14, 2010. Mr. Kyle requests the Court to take judicial notice of Exhibit 1.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California this 24th day of November, 2010.

DAVID MICHAEL BIGELEISEN
Attorney for Defendant:
KENNETH MARTIN KYLE

*Declaration of David Michael Bigeleisen in Support of Motion to Suppress Evidence*