Pages 1 - 9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jeffrey S. White, Judge

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | NO. CR 10-0245 JSW |
| ) | |
| Kenneth Martin Kyle, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

San Francisco, California
Monday, February 2, 2012

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:

     JOSEPH P. RUSSONIELLO
     United States Attorney
     450 Golden Gate Avenue
     San Francisco, California  94102
  BY: **OWEN MARTIKAN**
     **ASSISTANT UNITED STATES ATTORNEY**

For Defendant:

     LAW OFFICE OF DAVID BIGELEISEN
     101 HOWARD STREET - SUITE 210
     San Francisco, California 94105
  BY: **DAVID BIGELEISEN**
     **ATTORNEY AT LAW**

Reported By:    Kelly L. Shainline, CSR No. 13476, RPR
        Court Reporter Pro Tem

Computerized Transcription By Eclipse

<u>Monday - February 20, 2012</u>                                        <u>2:23 p.m.</u>

            **THE CLERK:**  Calling Criminal Case Number 10-245,

United States of America versus Kenneth Martin Kyle.

            **MR. MARTIKAN:**  Good afternoon, Your Honor.  Owen

Martikan for the United States.

            **THE COURT:**  Good afternoon.

            **MR. BIGELEISEN:**  Good afternoon, Your Honor.  David

Michael Bigeleisen for Mr. Kyle.

            **THE COURT:**  Welcome.

                          (Pause in proceedings.)

                           (Defendant present.)

            **THE COURT:**  The defendant is here.

            Hello, Mr. Kyle.  How are you?

            **THE DEFENDANT:**  Good afternoon, sir.

            **THE COURT:**  All right.  So this is a case where, as

counsel will recall, where the defendant had made a motion to

suppress, the Court denied the motion.  The parties entered

into a Plea Agreement and tentatively agreed on a sentence of

360 months.  The Court rejected that as being too lenient and

directed the parties to either prepare for trial or try to work

out a new and different Plea Agreement that would be acceptable

to the Court.

            I have received numerous status reports, which I

thank counsel for, and an additional continuance was requested.

1   I'm not prepared to give that to you.  Either we go forward --

2   we're going to go forward.  I'm going to set a trial date today

3   and the defendant has a right to trial, or there will be a plea

4   and the case will resolve; but I'm not giving you any more

5   continuances.  The case is too serious, it's gone on for too

6   long, and it's time to get this case resolved.

7              So how soon, Mr. Martikan, would the Government be

8   prepared to try this case?

9         **MR. MARTIKAN:**  Your Honor, I'd ask for 60 days.  If

10   I can just count that out.

11        **THE COURT:**  While you're doing that, what time has

12   run on the Speedy Trial Act?

13        **MR. MARTIKAN:**  None, Your Honor.

14        **THE COURT:**  All right.

15        **MR. MARTIKAN:**  So we actually have 70.  So the week

16   of March 26th.

17        **THE COURT:**  All right.

18        **MR. BIGELEISEN:**  I believe that's -- okay.  I'm

19   sorry.

20        **THE COURT:**  March 26th.

21             All right.  And how long do you think this case will

22   take to try?

23        **MR. MARTIKAN:**  I think this case would take two

24   weeks, Your Honor.

25        **THE COURT:**  Two weeks.

1          All right.  Is that date acceptable to you?

2               **MR. BIGELEISEN:**  That will work, Your Honor.  The

3     week of April the 2nd will also work.

4               **THE COURT:**  I would say April 2nd because we have to

5     figure in a pretrial and given this Court's filing deadlines, I

6     want to give the parties adequate time to file their motions

7     and all the pretrial filings.

8               So, Madam Clerk, setting it at April 2nd, we should

9     also set a pretrial date that comports with the Court's rules

10    and set a pretrial conference date.

11              **THE CLERK:**  Your Honor, that would be on Monday,

12    March the 12th, at 2:00 p.m.

13              **THE COURT:**  All right.  Which means that your

14    filings are going to be due in a few weeks so counsel need to

15    attend to this matter right away.

16              If there is a change in the case in any regards, let

17    the Court know and we'll set it in for the appropriate hearing.

18              And, so, I don't believe -- and, Mr. Martikan,

19    correct me if I'm wrong -- that we need -- the Court needs to

20    make a finding with respect to the Speedy Trial Act since we'll

21    be well within the 70 days; correct?

22              **MR. MARTIKAN:**  Not at this point, Your Honor.

23              **THE COURT:**  Well, my question was bad.  Am I correct

24    in what I just said?

25              **MR. MARTIKAN:**  It's true that we will be within the

1  Speedy Trial Act deadlines to not exclude time and go forward

2  on April 2nd, yes.

3          **THE COURT:**  All right.  Because I would not be

4  prepared to exclude time at this point.  I want this case to go

5  to trial.  It's going to go to trial.  If not, we'll deal with

6  it that way.

7          So anything you'd like to say about that,

8  Mr. Bigeleisen?

9          **MR. BIGELEISEN:**  Not about that directly but about

10  what we've done before and where we're headed on it; and that

11  is, we still would like to resolve the case without trial.

12  We're very mindful of the Court's remarks when we were here

13  last and the matter of the plea was reviewed.

14          We realize that the Court considers the conduct to

15  be very serious.  We do too, and Mr. Kyle is prepared to accept

16  responsibility for it.  The purpose of engaging the actuary is

17  to give the Court a benchmark against which to measure what a

18  life sentence would be in Mr. Kyle's specific case, and we hope

19  that will be helpful.

20          **THE COURT:**  Well, it is and it isn't, because I said

21  that the Court's view is that this man is never going to get

22  out of jail, period.  So telling me that you're going to submit

23  an evaluation of an actuary doesn't really help me because,

24  quite frankly, given what I know about this case, I'm prepared

25  to impose a life sentence.

1    So if you want to go from that, you know, that's as

2  much guidance as I'm allowed to give you without getting

3  involved in the plea bargain process.  So in light of that, if

4  the defendant wishes to go to trial and exercise all of his

5  rights, then he should do so.

6    So having an actuary tell me that he or she expects

7  the defendant is going to live any particular period of time is

8  not going to be much help to the Court unless you all come up

9  with something creative that meets the Court's concern.

10    The Court views the conduct as being among the most

11  serious conduct that the Court has seen in a case, almost any

12  case.  And, so, given that, that's my current view; and I have

13  a lot of information that the Court, counsel, and the Probation

14  Department have provided, but I would certainly be willing to

15  entertain -- you have a right to come in with any agreement you

16  wish to and the Court will evaluate it on an individualized

17  basis.

18    But that's my inclination and that's one of the

19  reasons why I was not prepared to give you a further

20  continuance to come up with some actuary's evaluation.

21    **MR. BIGELEISEN:**  Your Honor, please forgive me, I

22  don't mean to quarrel with the Court, but I want to clarify

23  something.

24    When we were here last, my recollection -- and I'm

25  prepared to be corrected -- my recollection was the Court said

1  a substantial departure above the guideline but less than life.

2  And if I'm mistaken, please forgive me for speaking in that

3  way, but that was the point of view that we had when we came in

4  this afternoon.

5       **THE COURT:**  All right.  Well, I've given a lot more

6  thought to this case.  I did say that and my view has changed.

7  And since the defendant hasn't changed his position in reliance

8  on what I said, the record remains the same but the Court's

9  view has changed.  That's my current view.

10       And having said that, of course, if the parties --

11  you know, the Government agreed to a 30-year sentence.  If the

12  parties can change the Court's mind with additional data and

13  you come in with a plea, for example, with evidence to support

14  the wisdom of the agreement, then I would certainly consider

15  it; but I think it's fair, in light of where we are, to give

16  you the Court's current thinking based upon the information

17  that it now has.  And it's got more information than a typical

18  case because we've been through this process of motions and

19  input from the Probation Department.

20       So it may well be that you can convince the Court of

21  something different, but that's my current view and I think you

22  have a right to know that.  So I'm not prohibiting you from

23  coming to the Court with another agreement.  If that's what you

24  chose, the defendant chooses and the Government agrees, then

25  please do so and have your data.

1          But what I won't do, because too much time has past,

2     is give you another continuance.  The trial date will stick and

3     we're going to go to trial.  We will impanel a jury, and the

4     defendant will be free to exercise all of his constitutional

5     and statutory rights.  And I, you know, can't say anything

6     more.

7          But I didn't want this case to slide any more with

8     another continuance.  This case needs to be tried or it needs

9     to be resolved.  So that's the Court's view and I think that

10    gives you ample guidance.

11         **MR. BIGELEISEN:**  Your Honor, we accept the Court's

12    ruling on this.

13         I do want to comment that if this case is resolved

14    without trial, it's a kindness to the child because it avoids

15    having a record made of all of the things that have occurred in

16    this case; and I think that that would be something that would

17    be -- if the record were made, I think that would be harmful to

18    the child in the future, and that's one of the considerations.

19    And I wanted to tell you that that came from Mr. Kyle.

20         **THE COURT:**  Right.  That's a fair point.  The other

21    side of that is the thought of Mr. Kyle being on the street

22    while this child is alive, I think is a real -- is something

23    that the Court has great concern about.  If this man is out of

24    jail at any time during the lifetime of this child, I think

25    it's a very deleterious fact for this victim child.

1          So there's both sides to the story and I'm willing

2    to hear arguments on both sides.   I'm sure the Government will

3    have input because the Government has closest contact with the

4    victim; and I'm not prejudging it, but I gave you my

5    inclination, and that's what we'll do.

6          All right.   Anything further the Government wants to

7    say?

8          **MR. MARTIKAN:**  No, Your Honor.   Thank you.

9          **THE COURT:**  Mr. Bigeleisen?

10         **MR. BIGELEISEN:**  No.   Thank you, Your Honor.

11         **THE COURT:**  All right.   Thank you very much.

12         Thank you, Mr. Kyle.

13             (Proceedings adjourned at 2:36 p.m.)

14

15

16

17

18

19

20

21

22

23

24

25

### CERTIFICATE OF REPORTER

I, KELLY SHAINLINE, Court Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in CR 10-0245 JSW, United States of America versus Kenneth Martin Kyle, were reported by me, a shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings as bound by me at the time of filing.

The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

*Kelly Shainline*

Kelly Shainline, Court Reporter

Thursday, July 5, 2012