```
 1                    United STATES DISTRICT COURT

 2                   NORTHERN DISTRICT OF CALIFORNIA

 3            BEFORE THE HONORABLE JEFFREY S. WHITE, JUDGE

 4    ------------------------------)
                                    )
 5     UNITED STATES OF AMERICA,    )
                                    )
 6                 Plaintiff,       )
                                    )
 7         v.                       )   No. CR 10-00245(JSW)
                                    )
 8                                  )
       KENNETH MARTIN KYLE,         )
 9                                  )
                   Defendant.       )   San Francisco, California
10                                  )   Thursday, October 13, 2011
                                    )       (11 pages)
11    ------------------------------)

12

13
                        TRANSCRIPT OF PROCEEDINGS
14
      APPEARANCES:
15
      For Plaintiff:        OWEN PETER MARTIKAN
16                          United States Attorney's Office
                            450 Golden Gate Avenue
17                          9th Floor
                            San Francisco, California 94102
18

19
      For Defendant:        DAVID MICHAEL BIGELEISEN
20                          David M. Bigeleisen Law Office
                            101 Howard Street
21                          Suite 310
                            San Francisco, CA 94105
22

23
      Also Present:         CHARLIE MABIE
24                          U.S. Probation

25
```

                    Jaimie Hopp, Pro Tem Court Reporter
                    jaimiehopp@gmail.com   925-759-0770

```
 1   Thursday, October 13, 2011

 2                                                    (2:30 p.m.)

 3        (Defendant is present in open court)

 4            THE CLERK:  Calling Cr. 10-245, United States versus

 5   Kenneth Martin Kyle.

 6            Counsel, please step forward and state your

 7   appearances.

 8            MR. MARTIKAN:  Good afternoon, your Honor.  Owen

 9   Martikan for the United States.

10            MR. BIGELEISEN:  Good afternoon, your Honor.  David

11   Michael Bigeleisen for Kenneth Kyle.

12            THE COURT:  Good afternoon, Counsel.

13            MR. MABIE:  Good afternoon, your Honor.  Charlie

14   Mabie, U.S. Probation.

15            THE COURT:  Welcome, Mr. Mabie.

16            All right.  Mr. Kyle has arrived.

17            Good afternoon, Mr. Kyle.

18            THE DEFENDANT:  Good afternoon.

19            THE COURT:  All right.  So we're here.  The case was

20   scheduled for judgment and sentencing, and this past Tuesday,

21   the Court issued an order advising the parties that the Court

22   has read and considered the plea agreement, the C1C plea

23   agreement and has determined it's going to reject the plea

24   agreement as being too lenient.  So I ordered the parties here

25   to advise the Court of where they wish to go from this point
```

1   on.
2          One issue that needs to be cleared up that's sort
3   of -- it's more than a technical issue is there seems to be a
4   discrepancy between the plea agreement and the presentence
5   report with respect to the total offense, adjusted offense
6   level.  The probation department has determined it's at 41 and
7   the parties have determined that it's going to change the plea
8   agreement so that it's a 39.
9          So, Mr. Martikan, what's your position on that?
10         MR. MARTIKAN:  Your Honor, the Government's position
11  is that the PSR calculation is correct.  As noted in our
12  sentencing memorandum, I initially looked at the starting
13  offense levels and -- comparing which one was higher.  I think
14  it is correct the way probation has calculated, which is to
15  look at the net offense level to determine what is higher and
16  that leads to the different result that we had in this case.
17         THE COURT:  Well, if the case proceeds, then that
18  certainly would need to be corrected.
19         But, Mr. Kyle, the law requires me to address you
20  directly pursuant to Rule 11-C.  The Court has determined that
21  it's going to reject the plea agreement.  It's going to reject
22  the agreement in effect that you be sentenced to only 30 years
23  in prison.  With respect to that -- as a result of that, you
24  have your right to withdraw your guilty plea and start all
25  over, go to trial, or attempt to negotiate a different

1  agreement with the Court, or you could decide to maintain your
2  guilty plea, in which case the Court could sentence you to any
3  lawful sentence up to and including the statutory maximum of
4  life imprisonment.
5            So, Mr. Bigeleisen, are you prepared to advise the
6  Court or do you need more time?
7            MR. BIGELEISEN:  Your Honor, I'd like to ask the
8  Court a few questions, and the first question is whether the
9  Court will allow me to address the matter of the Court's
10 decision to reject the plea agreement and to utter the things
11 that I would say on Mr. Kyle's behalf in favor of the plea
12 agreement.
13           THE COURT:  Well, let me just say this:  The short
14 answer to the question is no.  The longer answer is I've
15 considered your arguments in your very well-written presentence
16 memorandum, and that of the Government as well, because the
17 Government took a balanced approach in support of the plea
18 agreement, the plea negotiations and the agreement that was
19 reached.
20           But having reviewed all of the documentation, and
21 especially the victim impact statement and the additional
22 material that there's no argument about that at this point --
23 and the Court should say that this morning, probation received,
24 from the adoptive mother of the victim girl, a communication
25 which I've made available to counsel.

```
 1                MR. BIGELEISEN:  I'm sorry, your Honor, I haven't
 2    seen it.
 3                THE COURT:  Well, it's directed to be given to
 4    counsel.  It should be given to you.  I don't know why it
 5    wasn't given to counsel.
 6                MR. BIGELEISEN:  I want you to know I haven't seen
 7    it.
 8                THE COURT:  All right.  Well, you will get a copy of
 9    it.  But it's of the same tenor as what the adoptive mother has
10    communicated to you before.
11                Do you have a copy of that?
12                MR. MABIE:  Yes, your Honor, your secretary had the
13    other ones that she ran.
14                THE COURT:  She's not a secretary.  She's a law
15    clerk.  Don't let her hear you say that or you'll be in big
16    trouble.
17                MR. MABIE:  I apologize, your Honor.
18                THE COURT:  Yes.  All right.
19                Would you hand that (tendering document)...
20                MR. BIGELEISEN:  May I have just a minute to read it,
21    please.
22                THE COURT:  Please do.
23                MR. BIGELEISEN:  Thank you.
24                (Pause in proceedings)
25                THE COURT:  All right.  And I thought that this --
```

```
 1   although, it's correct, that we did not -- Mr. Mabie did not
 2   receive this until this morning.  It's not a different, any
 3   different tenor than what the adoptive mother has said before
 4   but I thought it would be helpful for you, Mr. Kyle, in
 5   determining what you want to do to hear some of this.  Because
 6   in the first paragraph, the mother says, the adoptive mother of
 7   this victim child says to you, it is to you, "You are nothing,
 8   a small empty shell, a monster who did its very best to suck
 9   the soul of my child, my daughter, my smart, loving, beautiful
10   daughter."
11          That's what she says.  And the Court shares her
12   sentiment, and that is going to be the theme when the Court, if
13   ever, and you may be acquitted, you may decide to go to trial,
14   but if you are convicted, the seriousness of what you did to
15   this little girl has to be reflected in the sentence, and the
16   seriousness of some of the comments that you made that were
17   fantasies has to be part of the sentence, and the seriousness
18   of the uncharged conduct, all the child pornography that you
19   possess, which is not part of the guideline calculation has to
20   be taken into account.
21          So with that said, would you like more time?  Would
22   you like to continue the matter?
23          MR. BIGELEISEN:  Your Honor, I would like to ask the
24   Court a question, and the question is a bit indecorous, and I
25   do so with some trepidation, and I ask the Court to forgive me.
```

1   Please forgive me.
2           I've spoken with Mr. Kyle yesterday evening about the
3   Court's order of Tuesday, and he's asked me to ask this as
4   well, perhaps it will be helpful.  If the Court feels
5   comfortable giving us an indication of what it has in mind, we
6   would be very grateful, and if Court finds that it's improper
7   for me to speak in that way, please find fault with me and not
8   with Mr. Kyle.
9           THE COURT:  I don't find fault with either of you
10  because it's a perfectly appropriate question.  The problem is
11  this:  The Court is not permitted -- it's highly different in
12  state -- it's very different in state court proceedings to get
13  involved in plea negotiations, and if the Court were to give a
14  number or a specific indication, a specific number or specific
15  sentence, then the Court would be involved in plea
16  negotiations.  And also it would be unfair to the defendant
17  because, obviously, although the Court has decided, based upon
18  the record before it, to reject the plea agreement and the
19  sentence agreed to by the parties, once their allocation takes
20  place and the argument takes place, the Court will then impose
21  a sentence based upon, not only a record as it currently
22  exists, but all the other arguments that you would have made in
23  support of the plea agreement.
24          I will just say this:  I think that this is a case
25  that does not warrant a guideline sentence.  It warrants an

1    above-guideline sentence, substantially above-guideline
2    sentence, and not necessarily the statutory maximum, but all I
3    can tell you is that an upward variance -- this case, as far as
4    an upward variance, based upon the record as we currently see
5    it -- and I'm keeping an open mind with respect to what I will
6    ultimately do, and you may very well convince me that a
7    guideline sentence is appropriate in this case.
8             So that's the only guidance I think I can get in that
9    I absolutely -- you shouldn't have trepidation.  That is a
10   perfectly fair question in representing your client, and
11   obviously it's important for him to know, so that's an
12   immaterial factor, and that's the only reason I have not
13   answered your question.
14             MR. BIGELEISEN:  Your Honor, I'm prepared to respond
15   to your question.
16             Mr. Kyle has instructed me to withdraw his plea of
17   guilty under the circumstances.  I think that we would like to
18   have an opportunity to revisit the matter.  And he does want to
19   resolve this matter.  He does want to resolve this matter.  He
20   does not want to challenge any of the people who are in this
21   matter.  He wants to go forward.  He wants to bring it to an
22   end.  There are all of the words which I would otherwise
23   say -- which, you know, which are in keeping with our time of
24   repentance and forgiveness and which obviously will come up
25   later -- but he's asked me to withdraw his plea of guilty.

```
 1              THE COURT:  Well, repentance -- if you're referring
 2   to the religious part of --
 3              MR. BIGELEISEN:  Of course.
 4              THE COURT:  -- repentance and forgiveness with God,
 5   not with other individuals, for them, they have to forgive you.
 6   What you're talking about is making peace with your Maker,
 7   rather than with people.
 8              MR. BIGELEISEN:  Well, one also makes peace with
 9   those that one has offended and one makes peace with one's
10   self, as well.
11              THE COURT:  Fair enough.
12              MR. BIGELEISEN:  Those are all components of it, and
13   when we think of those, we think of them every day.
14              THE COURT:  Fair enough.
15              And so how much time would you like?
16              First of all, the motion to withdraw the guilty plea
17   is granted.  The guilty plea is thereby stricken.
18              How much time would you like now?
19              MR. BIGELEISEN:  Your Honor, I think that it would be
20   neat for Mr. Martikan and me to discuss what we will do next
21   and return to the Court and inform the Court, and depending
22   upon what we have to say to make a decision as to what we will
23   do next and when.
24              THE COURT:  Okay.  Fair enough.
25              Mr. Martikan, I haven't given you chance to speak.
```

1       MR. MARTIKAN:  Well, thank you, your Honor.  I think
2  that makes sense.  Let me discuss with defense counsel some
3  matters, and I think that within a week, we can get a proposed
4  order to the Court to reset the matter in a suitable time on
5  the Court's calendar.
6       THE COURT:  All right.  So then what I'll do is I'll
7  order -- is the next couple of weeks acceptable to you,
8  Mr. Bigeleisen?
9       MR. BIGELEISEN:  I think that -- I don't think that
10 we are going to know what we are going to do next.
11      THE COURT:  No.  That's not what he is saying.  He's
12 saying in a week, you'll know a date by which you will know
13 that.
14      MR. BIGELEISEN:  Yes, of course.
15      THE COURT:  Let me set a deadline of one week from
16 today, which would be the 19th or the 20th of October, to file
17 a joint status report requesting -- telling the Court what
18 counsel -- what how much more time counsel needs --
19      MR. BIGELEISEN:  Very well.
20      THE COURT:  -- to get to the next level.  The next
21 level will either be the entry of a new or different plea
22 agreement, guilty plea or setting the case for trial, and that
23 would be the options or motions, if counsel sees that as
24 appropriate, either one.
25      All right.  Anything further?

```
 1          MR. BIGELEISEN:  No.  Thank you very much, your
 2   Honor.
 3          MR. MARTIKAN:  Thank you, your Honor.
 4          MR. MABIE:  Thank you, your Honor.
 5          The COURT:  Thank you very much.
 6
 7                    CERTIFICATE OF REPORTER
 8     "I, Jaimie Hopp, certify that the foregoing is a correct
     transcript from the record of proceedings in the above-entitled
 9                              matter."

11
10
12
13          Jaimie Hopp, Pro Tem Court Reporter
14                Thursday, July 12, 2012
15
16
17
18
19
20
21
22
23
24
25
```

**Jaimie Hopp, Pro Tem Court Reporter**
**jaimiehopp@gmail.com   925-759-0770**