1

1                                      Pages 1 - 32

2          UNITED STATES DISTRICT COURT

3        NORTHERN DISTRICT OF CALIFORNIA

4      BEFORE THE HONORABLE JEFFREY S. WHITE

5  UNITED STATES OF AMERICA,      )
                             )
6           Plaintiff,     )
                             )
7        vs.            )NO. CR 10-0245 JSW
                             )
8                       )
  KENNETH MARTIN KYLE,        )
9                       )SAN FRANCISCO, CALIFORNIA
            Defendant.     )Thursday, May 26, 2011
10                      )2:46 p.m.
  ————————————————————————————)
11          **TRANSCRIPT OF PROCEEDINGS**

12             **(PLEA HEARING)**

13  **APPEARANCES:**

14  **For Plaintiff:**
                     **U.S. ATTORNEY'S OFFICE**
15                     450 Golden Gate Avenue
                     11th Floor
16                     San Francisco, CA 94102
                     (415)436-6031
17                     BY:  **OWEN MARTIKAN, ESQ.**

18

19  **For Defendant:**
                     **DAVID M. BIGELEISEN LAW OFFICE**
20                     101 Howard Street
                     Suite 310
21                     San Francisco, CA 94105
                     BY:  **DAVID M. BIGELEISEN, ESQ.**
22

23

24  *Reported by:*   **MARGARET "MARGO" GURULE, CSR  #12976**
                 *PRO TEM COURT REPORTER*, *USDC*
25

1    **May 26, 2011**                                    **2:57 p.m.**

2                                   o0o

3                          **P R O C E E D I N G S**

4        **THE CLERK:**  Calling Criminal 10-0245, United States vs.

5    Kenneth Martin Kyle.

6        **MR. MARTIKAN:**  Good afternoon, Your Honor.

7        Owen Martikan for the United States.

8        **THE COURT:**  Good afternoon.

9        **MR. BIGELEISEN:**  David Michael Bigeleisen on behalf of

10   Mr. Kyle, and Mr. Kyle is coming into the courtroom right now.

11       **THE COURT:**  Good afternoon, Mr. Kyle.

12       **THE DEFENDANT:**  Good afternoon.

13       **THE COURT:**  All right.  Has the defendant executed the

14   plea agreement?

15       **MR. BIGELEISEN:**  Your Honor, I would like to address that.

16   Mr. Martikan presented me with a very minor revision to the

17   plea agreement this afternoon before we entered the courtroom.

18       I'm prepared to submit that to the Court, but I would like

19   to ask Mr. Martikan to recite the changes so that Mr. Kyle is

20   informed of them, and then we can proceed with that.

21       **THE COURT:**  All right.  And to the extent that it's

22   different than the one that the Court was given --

23       **MR. MARTIKAN:**  It's not, Your Honor.

24       **THE COURT:**  What's the change?

25       **MR. MARTIKAN:**  There are some minor changes, and I'll just

1    run through them, if I may.

2        Paragraph 1, line 24, there was an extra section signed

3    that was removed.

4        Paragraph 6, on page 2, the phrase -- in line 27, the

5    phrase, "Plea Agreement," was changed to "Agreement,"

6    capitalized.

7        Page 3, paragraph 7, line 5, the word "range" was replaced

8    with the phrase "offense level."

9        Paragraph 9, page 4, the phrase, "I agree not to violate

10   the terms of my pretrial release," was removed, because the

11   defendant has never been on pretrial release.  And the

12   statement that he will avoid any contact with the minor victim

13   was added.

14       Line 8 of that same paragraph, the plural "pleas" was

15   changed to singular "plea."

16       Page 5, paragraph 13, the phrase, "Will also," after

17   "Eastern District of Missouri," was changed to "agrees to."

18   The word "me" was replaced by the defendant.

19       Paragraph 14, the word "Indictment" was capitalized.

20       Paragraph 15, the word "Paragraph" was capitalized in

21   lines 21 and 22.

22       And those are all the changes, Your Honor.

23       **THE COURT:**  All right.  Well, those seem pretty

24   ministerial.

25       **MR. BIGELEISEN:**  Certainly, Your Honor, and we're

1  operating on Mr. Martikan's representation that those are the

2  only changes.

3      **THE COURT:**  All right.

4      **MR. BIGELEISEN:**  And with that, I am prepared to sign the

5  amended plea agreement.

6      **THE COURT:**  All right.

7      **MR. BIGELEISEN:**  And because I haven't done this before,

8  I'll have to ask you, Mr. Kyle, are you prepared to sign it?

9      **THE DEFENDANT:**  Yes.

10      **THE COURT:**  Okay.  Thank you.

11      **MR. BIGELEISEN:**  You're welcome.

12      **THE COURT:**  All right.  Mr. Kyle, how do you feel today?

13      **THE DEFENDANT:**  Not very good.

14      **THE COURT:**  All right.  Well, I'm sure it's probably not

15  your favorite place to be, but I just meant in terms of do you

16  feel well enough --

17      **THE DEFENDANT:**  Yes, sir.

18      **THE COURT:**  -- to understand what is going on today?

19      **THE DEFENDANT:**  Yes, sir.

20      **THE COURT:**  All right.  Before I could accept your guilty

21  plea, I'm required to ask you some questions which you will be

22  required to answer under oath, so I'm going to ask the clerk to

23  please swear you the defendant.

24      **THE CLERK:**  Please raise your right hand.

25               *(Defendant sworn.)*

1      **THE DEFENDANT:**  I do.

2      **THE COURT:**  Do you understand that you're under oath?

3      **THE DEFENDANT:**  Yes, Your Honor.

4      **THE COURT:**  Do you understand that because you're under

5  oath, you need to tell the truth?  And do you understand that

6  should you lie to the Court while you're under other, you could

7  face additional charges?

8      **THE DEFENDANT:**  Yes, I understand.

9      **THE COURT:**  Today I'm going to ask you some questions to

10  make sure that you knowingly and intelligently and voluntarily,

11  with the advice of your attorney, want to enter a guilty plea.

12  I'm also going to ask you some questions about the crime you're

13  pleading guilty to and you'll be required to answer those

14  questions.

15      If you wish to consult with your attorney at any time

16  during the proceeding, certainly before answering any

17  questions, please tell me and I will let -- you don't even need

18  to tell me.  Just do it.  Okay?

19      And if you don't understand any of my questions, then just

20  tell me and I will rephrase the question.  All right?

21      **THE DEFENDANT:**  Yes.

22      **THE COURT:**  What is your full name?

23      **THE WITNESS:**  Kenneth Martin Kyle.

24      **THE COURT:**  What is your age?

25      **THE DEFENDANT:**  Forty-seven.

1      **THE COURT:**  What is the highest educational level you

2  received.

3      **THE DEFENDANT:**  Ph.D.

4      **THE COURT:**  In what subject?

5      **THE DEFENDANT:**  Justice studies.

6      **THE COURT:**  All right.  And so can I assume you can read

7  and write in English?

8      **THE DEFENDANT:**  Yes.

9      **THE COURT:**  Now, before coming to court -- I have to ask

10  you these questions about your wellbeing, how you're feeling

11  today, for the purpose of determining whether you can

12  competently waive your rights and participate.

13      So my first question is:  Have you had any alcoholic

14  beverages today?

15      **THE DEFENDANT:**  No, sir.

16      **THE COURT:**  Have you been treated recently for any mental

17  illness or addiction to narcotic drugs of any kind?

18      **MR. BIGELEISEN:**  Why don't you tell the judge?

19      **THE DEFENDANT:**  I'm not quite sure.  I have been seeing a

20  person at the jailhouse psychiatric unit about these events.

21      **THE COURT:**  All right.  So is that counseling?

22      **THE DEFENDANT:**  Yes.

23      **THE COURT:**  All right.  And other than that, what is your

24  answer as to whether you have been treated for taking any

25  narcotic drugs?

1    **THE DEFENDANT:**  No.

2    **THE COURT:**  Within the last 24 hours, have you taken any

3    medications, whether prescribed by a doctor or not?

4    **THE DEFENDANT:**  Yes.

5    **THE COURT:**  And what have you taken?

6    **THE DEFENDANT:**  Paxil, Remeron, blood pressure medication,

7    and medication for prostate.

8    **THE COURT:**  All right.  Do any of these -- do any of these

9    drugs, either alone or in combination with each other, have any

10   side effects which would prevent you or interfere with your

11   capability or your competence to fully understand the terms and

12   conditions of the plea agreement and these proceedings?

13   **THE DEFENDANT:**  No, your Honor.

14   **THE COURT:**  Are you currently in any pain?

15   **THE DEFENDANT:**  No, sir.

16   **THE COURT:**  Are you sick in any way which would prevent

17   you from understanding what is going on today?

18   **THE DEFENDANT:**  No, Your Honor.

19   **THE COURT:**  Do you, in fact, understand what is going on?

20   **THE DEFENDANT:**  Yes, sir.

21   **THE COURT:**  Please tell me, in your own words, what you

22   think is happening here today.

23   **THE DEFENDANT:**  Today I'm here to enter a plea agreement

24   with the United States.

25   **THE COURT:**  You're here to enter a plea?

1    **THE DEFENDANT:**  Yes.

2    **THE COURT:**  All right.  Do you understand that you have a

3    right to enter a not guilty plea and to persist in that plea?

4    **THE DEFENDANT:**  Yes, I understand.

5    **THE COURT:**  Do you understand that if you continue -- if

6    you did enter a not guilty plea, you would have a right to a

7    trial?

8    **THE DEFENDANT:**  I understand.

9    **THE COURT:**  Do you understand that you would have a right

10   to a speedy and public trial by a jury consisting of 12

11   citizens of this District?

12   **THE DEFENDANT:**  Yes, Your Honor.

13   **THE COURT:**  Do you understand that in order for a jury to

14   convict you, its decision must be unanimous, which means that

15   all 12 persons must agree?

16   **THE DEFENDANT:**  I understand.

17   **THE COURT:**  At this trial, you would have a right to an

18   attorney representing you, either one retained or paid for by

19   you.  Or if you couldn't afford an attorney, then the Court

20   would appoint an attorney, and the government would pay the

21   cost of that attorney.  Do you understand that?

22   **THE DEFENDANT:**  Yes, Your Honor.

23   **THE COURT:**  Do you also understand that you could waive

24   counsel and give up your right to counsel and represent

25   yourself at trial?

1    **THE DEFENDANT:**  I understand.

2    **THE COURT:**  Now, at this trial, you would be presumed

3    innocent and the burden would always be on the government to

4    prove your guilt beyond a reasonable doubt.  Do you understand?

5    **THE DEFENDANT:**  I understand.

6    **THE COURT:**  To prove your guilt beyond a reasonable doubt,

7    the United States would be required to call witnesses who would

8    appear and testify here in open court.  Do you understand that?

9    **THE DEFENDANT:**  I understand.

10    **THE COURT:**  Do you understand that you have a right to

11    see, confront and cross-examine or ask questions of each of the

12    government's witnesses?

13    **THE DEFENDANT:**  Yes, Your Honor.

14    **THE COURT:**  Now, during this trial, you would also have a

15    constitutional right to remain silent, which means that, during

16    the trial, nobody could make or force you to call any

17    witnesses, present any evidence, or even to cross-examine the

18    government's witness.  Do you understand that?

19    **THE DEFENDANT:**  I understand.

20    **THE COURT:**  And the fact that you chose to exercise this

21    constitutional right to remain silent could never be held

22    against you, and neither the judge nor the jury trying the case

23    can infer or presume that you were guilty just because you

24    chose to remain silent during the trial.  Do you understand?

25    **THE DEFENDANT:**  I understand.

1    **THE COURT:**  On the other hand, after consulting with your

2    attorney, you may decide that, in addition to cross-examining

3    the government's witnesses, you and your attorney may call you

4    as a witness, or other witnesses, and present any evidence that

5    was allowed by federal law.  Do you understand that?

6    **THE DEFENDANT:**  I understand.

7    **THE COURT:**  And if you had witnesses or evidence that you

8    felt would help your defense and those witnesses or that

9    evidence were not readily accessible to you, you have the right

10   to use the subpoena powers of the Court to compel that evidence

11   and those witnesses to come here.  Do you understand that?

12   **THE DEFENDANT:**  I understand.

13   **THE COURT:**  However, the fact that you chose to present

14   any evidence would not change the burden of proof at trial.  Do

15   you understand that the government always bears the burden of

16   proving your guilt, beyond a reasonable doubt, on each of the

17   charges brought against you at trial?

18   **THE DEFENDANT:**  Yes, Your Honor.

19   **THE COURT:**  Now, do you understand that by entering a

20   guilty plea, you are giving up your right to have a trial?

21   **THE DEFENDANT:**  Yes, Your Honor.

22   **THE COURT:**  Do you understand that you're giving up your

23   right to appeal any jury verdict of conviction since you are

24   convicting yourself by your admission?

25   **THE DEFENDANT:**  Yes, Your Honor.

1    **THE COURT:**  In fact, do you understand that if I accept

2    your guilty plea, there will be no trial?

3    **THE DEFENDANT:**  I understand.

4    **THE COURT:**  Now, has anyone threatened you in any way to

5    make or force you to enter a guilty plea?

6    **THE DEFENDANT:**  No, Your Honor.

7    **THE COURT:**  Are you pleading guilty to protect anyone?

8    **THE DEFENDANT:**  No, Your Honor.

9    **THE COURT:**  Are you being paid by anyone to enter your

10   guilty plea?

11   **THE DEFENDANT:**  No, Your Honor.

12   **THE COURT:**  Now, other than this plea agreement that you

13   apparently signed today, has anyone promised you anything in

14   return for your guilty plea?

15   **THE DEFENDANT:**  No, Your Honor.

16   **THE COURT:**  Now, you have signed and entered into a

17   written plea agreement with the government; is that correct?

18   **THE DEFENDANT:**  Yes, Your Honor.

19   **THE COURT:**  Did you have you opportunity to read it and

20   discuss it with your attorney before you signed it?

21   **THE DEFENDANT:**  Yes, Your Honor.

22   **THE COURT:**  Do you understand all the terms of the

23   agreement?

24   **THE DEFENDANT:**  Yes, Your Honor.

25   **THE COURT:**  Now, what I'm going to do is, Mr. Kyle, I'm

1   going to summarize the highlights verbally.  But I want to

2   make -- it's an important document --

3        **THE DEFENDANT:**  Yes.

4        **THE COURT:**  -- and I want to make sure you understand it.

5        And at the end of my summary, I'm going to ask you if I

6   have correctly summarized the agreement.  Okay?

7        **THE DEFENDANT:**  Okay.

8        **THE COURT:**  So in this agreement, you have agreed to plead

9   guilty to count one of the indictment which charges you with

10  aggravated sexual abuse with children, in violation of federal

11  law.  And you acknowledge your understanding of the elements of

12  the offense.

13       You acknowledge your understanding of the maximum prison

14  sentence which could be imposed under the statute, and it's as

15  follows:  A minimum of 30 years; a maximum of life; a maximum

16  fine of $250,000; a supervised release term of -- a minimum of

17  five years, a maximum of life; a mandatory special assessment

18  of $100; and restitution to be determined by the Court; and

19  registration as a sex offender.

20       Is that what you understood the possible maximum statutory

21  sentences were?

22       **THE DEFENDANT:**  Yes, Your Honor.

23       **THE COURT:**  All right.  Do you have any question about

24  that?

25       **THE DEFENDANT:**  Well, one moment.

1        **THE COURT:**  Go ahead, speak to your attorney.

2       **MR. BIGELEISEN:**  Let me remark on what Mr. Kyle has said

3   to me so that it will be clear before the Court.

4       Mr. Kyle said, "Well, the agreement is that it will be the

5   minimum; is that right?"

6       And I said, "Yes, it is."

7       And that's reflected in the agreement.

8       This might also be a good time for me to remark to the

9   Court that one of the factors taken into account by Mr. Kyle in

10  entering into -- entering into this agreement is my statement

11  to him that my research and my advice to him is that the

12  minimum for the count to which he's pleading guilty is 30

13  years, and that there are no circumstances that would allow the

14  Court to go below that.  And so I wanted to make that clear on

15  the record.

16      **THE COURT:**  All right.  And just to kind of amplify in

17  that and respond to what you said, there is an agreement of an

18  agreed-upon sentence between you and the government.  And

19  that's part of the agreement and we're going to get to that.

20  What this -- what I'm going over now and what this agreement

21  goes over are basically worst case scenarios --

22      **THE DEFENDANT:**  I understand.

23      **THE COURT:**  -- and what are all of the possible

24  consequences of pleading guilty.

25      So, in order to do that, you need to know that, under the

1   statute, that the maximum sentence provided for by the statute,

2   before we get to any agreement between you and the government,

3   are the ones that I read.  Is that understood?

4       **THE DEFENDANT:**  Yes, sir.

5       **THE COURT:**  All right.  And you have a right to express

6   any question about that.  That's exactly what I told you to do,

7   and you did the right thing.

8       You agree that you're guilty of the offense to which

9   you're pleading guilty and that certain facts are true.  We

10  will get into those in a moment.

11      You agree to give up all the rights that you would have

12  had if this case -- if you had pled not guilty, including the

13  ones that I have told you about and maybe others, as well, both

14  statutory and constitutional.

15      You agree to give up your right to appeal your conviction

16  or any related orders and judgments of the Court.

17      Oh, I did have one -- I wanted to kind of digress for a

18  moment, because I should have asked this -- I always ask this

19  at the beginning and I forgot.

20      That is, Mr. Martikan, has the victim of this crime or

21  victims been notified under the Justice for All Act?

22      **MR. MARTIKAN:**  Your Honor, the victim, through the state

23  court system, has been notified.  The victim is a minor.

24      **THE COURT:**  Okay.  And what that refers to, Mr. Kyle, is

25  under federal law, the victim has a right to weigh in on this,

1   both the plea agreement and possible sentence.  And it's the

2   government's obligation to make sure that that notification is

3   given.

4        So continuing on with this plea agreement, my summary of

5   it, so you give up your right to appeal your conviction or any

6   related judgment, including you give up your right to appeal

7   any aspect of your sentence, including any orders relating to

8   forfeiture and restitution.

9        Now, without this agreement, you would have the right to

10  file a -- basically an appeal to this court after you were

11  convicted and sentenced, claiming that your conviction and/or

12  sentence were illegally obtained.

13       Under this agreement, you give up that right, with one

14  exception, which is the right to claim that your right to

15  effective assistance of counsel was violated.  And the reason

16  for that is you couldn't know that now until the case is over.

17  But with that one exception, you give up the right to bring

18  that appeal to this court.  Do you understand that?

19       **THE DEFENDANT:**  I understand.

20       **THE COURT:**  Now, you agree not to ask the Court to

21  withdraw your guilty plea at any time after it's entered,

22  unless the Court declines to accept the sentence agreed by the

23  parties.  And you agree that the government may withdraw from

24  this agreement if the Court does not accept the agreed-upon

25  sentence.

1       And you agree that if the Court does not accept the

2   agreed-upon sentence, then the -- then, basically, you give up

3   your right to argue that -- your rights under -- your

4   statutory -- your statute of limitations rights were violated.

5       Now, you agree not to ask the Court for a continuance of

6   your sentencing hearing without the consent of the government.

7   You agree that your sentence should be calculated under the

8   Sentencing Guidelines and under the Federal Sentencing Law in

9   such a way that your adjusted offense level would be 39.

10      Now, under that -- what that means, under the guidelines,

11  is that if you are, under the guidelines, Offense Level 39, if

12  you had no criminal background, criminal record, et cetera, and

13  you were at a Criminal History Category I, you would be facing

14  262 to 327 months.

15      But if you had a substantial criminal history and you were

16  a VI, it would be 360 months to life.

17      The guidelines re not binding on the Court, but what is

18  binding on the Court is what is provided in the statute.  And

19  the statute provides for a minimum sentence of 30 years or 360

20  months, and that trumps the guidelines.  Do you understand

21  that?

22      **THE DEFENDANT:**  Yes, Your Honor.

23      **THE COURT:**  All right.  Now, you agree that a reasonable

24  and appropriate disposition of this case, under the guidelines

25  and under the Federal Sentencing Statute is as follows:  A

sentence of 360 months imprisonment; ten years of supervised

release, with conditions to be fixed by the Court; $200 special

assessment; and $50,000 restitution.

And Mr. Martikan, is there an agreement as to who that

restitution would go to?  Would it go to the child victim?

**MR. MARTIKAN:**  Yes.

**THE COURT:**  All right.  And you agree that you will make a

good faith effort to pay that monetary forfeiture or

restitution and will provide truthful information about your

ability to do so to the Court and associated agencies.  You

agree not to commit or attempt to commit any crime before

sentence is imposed or before you surrender at sentence, and

not to provide intentionally any false information to the Court

or any of its relevant services, and not to fail to comply with

any other promises you made in the agreement.  And you'll make

no attempt to contact the victim in this case.

Do you agree that if you fail to comply with any promises

you made in the agreement, then the government would be

released from all of its promises in the agreement, including

those that we're about to get to, and you would not be released

from your guilty plea.  And you agree to forfeit your interest

in specific property, all of which is set forth in the plea

agreement, basically, the computer, related materials, and a

cellular phone.  It's all laid out there.

And you admit that the property was used to produce,

1    receive or possess visual depictions of minors engaged in

2    sexually-explicit conduct and is forfeitable to the United

3    States under the federal law.  And you give up your right to

4    that property, and you waive any right to challenge the

5    forfeiture of those materials and devices.

6        And you agree that the agreement contains all of the

7    promises between you and the government and you will not claim

8    otherwise in the future, and you agree that this agreement

9    binds the U. S. Attorney's Office for the Northern District of

10   California and the Eastern District of Missouri and does not

11   bind any other federal, state or local agency.

12       Now, the government, for its part, moves to dismiss any

13   open charges against you in the indictment at sentencing.

14       The Eastern District of Missouri agrees to dismiss the

15   pending charges against you in the case bearing your name in

16   the Eastern District of Missouri in a docket number that's

17   listed there after you're sentenced in the Northern District of

18   California.

19       The government agrees not to file any additional charges

20   against you that could be filed as a result of the

21   investigation that led to the indictment.

22       The government agrees that a reasonable and appropriate

23   sentence in this case is the one that I have mentioned before,

24   unless you violate the agreement, this agreement, in any

25   fashion, or fail to accept responsibilities for your actions.

1      The government agrees to recommend that the terms of

2  imprisonment in this case run concurrently with any sentence

3  imposed upon you arising out of the currently pending charges,

4  state charges, in St. Louis, Missouri.

5      And you confirm that you have adequate time to discuss the

6  case with your attorney and consider it, and that you are

7  competent to enter into the agreement.

8      So that concludes the Court's summary.

9      Has the Court accurately summarized the agreement?

10     **THE DEFENDANT:**  Yes, Your Honor.

11     **THE COURT:**  Has anyone made any additional or different

12  promises to you?

13     **THE DEFENDANT:**  No, Your Honor.

14     **THE COURT:**  Now, Mr. Bigeleisen, I'm going to ask you some

15  questions about the agreement, and Mr. Kyle, I'm going to ask

16  you to listen to your attorney's answers because I'm going to

17  ask you to comment.

18     Sir, does your signature appear on page 6 of the

19  agreement?

20     **MR. BIGELEISEN:**  Yes.

21     **THE COURT:**  Have you discussed the plea agreement

22  thoroughly and completely with your client, including the

23  provision regarding waiver of appeal?

24     **MR. BIGELEISEN:**  Yes.

25     **THE COURT:**  Have you discussed with your client each of

1    the elements of each count to which your client is pleading

2    guilty?

3         **MR. BIGELEISEN:**  Yes.

4         **THE COURT:**  Have you answered all of Mr. Kyle's questions

5    about the plea agreement?

6         **MR. BIGELEISEN:**  Yes.

7         **THE COURT:**  In your opinion, does your client understand

8    his plea agreement in its entirety, including the provision for

9    waiver of appeal?

10        **MR. BIGELEISEN:**  Yes.

11        **THE COURT:**  Do you agree -- turning back to you, Mr. Kyle,

12   do you agree with those answers?

13        **THE DEFENDANT:**  Yes, Your Honor.

14        **THE COURT:**  Now, do you understand that the offense to

15   which you're pleading guilty is a felony?

16        **THE DEFENDANT:**  Yes, Your Honor.

17        **THE COURT:**  And if you're adjudged guilty of a felony,

18   then you would lose certain civil rights.  One would be your

19   right to possess a firearm and you may lose other rights such

20   as the right to vote, the right to hold public office or to

21   serve on a jury.  Do you understand that?

22        **THE DEFENDANT:**  I understand.

23        **THE COURT:**  Now, under this plea agreement, this type of

24   plea agreement, I want to give you some more background about

25   this.  So you and the government have agreed to a certain

1    sentence and also that certain charges would be dismissed.  Do

2    you understand that?

3         **THE DEFENDANT:**  Yes, Your Honor.

4         **THE COURT:**  Now, if I accept the agreement, then I'm bound

5    to sentence you in accordance with the agreement.  Do you

6    understand that?

7         **THE DEFENDANT:**  Yes.

8         **THE COURT:**  But if I decide after receiving the

9    presentence report to reject the agreement, then certain things

10   happen.  First, I will tell you in open court that I have

11   rejected the agreement.  And then you have options.

12        Your options are to move to withdrawn your guilty plea,

13   which I will allow you to do -- it would not be a violation of

14   the agreement -- and go to trial or attempt to negotiate a

15   different agreement with the government, which might be

16   acceptable to the Court, although the Court doesn't participate

17   in plea negotiations; it's not allowed.  Or you can maintain

18   your guilty plea, knowing the Court rejected the agreement, and

19   then the Court could sentence you to any lawful sentence up to

20   life imprisonment.  Do you understand that?

21        **THE DEFENDANT:**  Yes, Your Honor.

22        **THE COURT:**  And I'm going to -- as I have mentioned, I'm

23   going to reserve ruling on whether to accept or reject the

24   agreement, until I get more information about you that's

25   relevant to that determination.

1          So you understand what all of the options are?

2          **THE DEFENDANT:**  Yes.  Yes, Your Honor.

3          **THE COURT:**  Now, have you -- now, do you understand that

4    the sentence imposed by the Court may be different than any

5    estimate your attorney may have given to you, ultimately?  Do

6    you understand that?  What that means is, let's say the Court

7    rejects the plea agreement.

8          I don't know what I'm going to do next.  I don't have any

9    more information on you.  But let's say I reject the plea

10   agreement.  You could ultimately get more time in prison than

11   you agreed, or theoretically, less time -- not under this

12   charge.  You couldn't get less time, but you could get more

13   time.

14         And so that's why I asked you if you understand that if

15   those things happen, if I reject the agreement and if you are

16   convicted at trial or pursuant to another plea agreement, you

17   could wind up getting more time in prison than you have agreed

18   to.  Do you understand that?

19         **THE DEFENDANT:**  I understand.

20         **THE COURT:**  Now, do you understand that, under our system

21   of justice, parole has been abolished.  And if you're sentenced

22   to prison, you will not be released on parole.

23         **THE DEFENDANT:**  I understand.

24         **THE COURT:**  Now, do you understand --

25         **THE DEFENDANT:**  Your Honor, may I ask a question?

1      **THE COURT:**  Sure.  Please do.

2      **THE DEFENDANT:**  If parole were to be reinstated at some

3  point in the future, how would that affect me?

4      **THE COURT:**  Well, that's -- nobody has ever asked me that

5  question.

6      First of all, I would say it's extremely unlikely because

7  we have been under this system of no parole and truth in

8  sentencing for many, many years.  When we had a parole system,

9  it was viewed as flawed.  Congress made a decision to abolish

10 it.

11     If it were reinstated, it would not be clear -- there is

12 no way to determine whether it would be prospective, for people

13 charged after that, or retrospective.

14     The thing is, however, in pleading guilty, you should

15 assume that you are not going to be released on parole.  It's

16 called, by some people, "Truth in sentencing."  You get what

17 you are you sentenced to.  Do you understand that?

18     **THE DEFENDANT:**  Yes, sir.

19     **THE COURT:**  But it's certainly a fair question.

20     So have you received a copy of the indictment in this

21 case?

22     **THE DEFENDANT:**  Yes, Your Honor.

23     **THE COURT:**  Do you understand what you're charged with?

24     **THE DEFENDANT:**  Yes, Your Honor.

25     **THE COURT:**  Now, for the record, I'll ask the United

1   States Attorney to please present the elements of the charged

2   offense.

3        **MR. MARTIKAN:**  Thank you, Your Honor.  The elements of a

4   violation of Title 18 United States Code Section 2241(c) are

5   first that the defendant knowingly crossed a state line;

6   second, with the intent to engage in a sexual act with a person

7   who had not attained -- who has not attained the age of 12.

8        **THE COURT:**  All right.  Do you understand the elements of

9   the offense with which you're charged?

10        **THE DEFENDANT:**  Yes, Your Honor.

11        **THE COURT:**  Have you fully discussed the charge and the

12   case in general with Mr. Bigeleisen, your counsel?

13        **THE DEFENDANT:**  Yes, Your Honor.

14        **THE COURT:**  Have you had enough time to discuss the

15   possible defenses of your sentence?

16        **THE DEFENDANT:**  Yes, Your Honor.

17        **THE COURT:**  Please tell me in your own words what you

18   think you're charged with.

19        **THE DEFENDANT:**  I'm being charged with crossing the line,

20   going to Missouri, and engaging in a lewd act with a child

21   under the age of 12.

22        **THE COURT:**  All right.  Do you understand that the maximum

23   penalties that could be imposed are the ones that I have

24   summarized from the plea agreement?

25        **THE DEFENDANT:**  Yes, Your Honor.

1    **THE COURT:**  And do you understand that the Court is also

2    required to order you to make restitution to any victim who may

3    have sustained a loss based upon your crime, unless the Court

4    gives specific reasons on the record for not ordering you to do

5    so.

6        **THE DEFENDANT:**  I understand.

7        **THE COURT:**  And do you understand that if the Court

8    sentences you to conditions of supervised release and you

9    violate any of those, you can be given additional time in

10   prison?

11       **THE DEFENDANT:**  I understand.

12       **THE COURT:**  Mr. Martikan, are there any other consequences

13   such as the requirement for registration as a sex offender?

14       **MR. MARTIKAN:**  There are -- well, there is that

15   requirement, but none other than that.

16       **THE COURT:**  All right.  Do you understand that that is

17   another consequence?

18       **THE DEFENDANT:**  Yes, sir.

19       **THE COURT:**  All right.  So do you understand all of the

20   possible consequences of your guilty plea?

21       **THE DEFENDANT:**  Yes, Your Honor.

22       **THE COURT:**  Now, because in court, in any court,

23   especially in this court, we don't want anybody pleading guilty

24   who is not guilty or believes they're not guilty, I always ask

25   the following question directly to the defendant even though

1  there are facts agreed to in here:  Did you commit the crime

2  you're pleading guilty to?

3       **THE DEFENDANT:**  Yes, Your Honor.

4       **THE COURT:**  Please tell me what you did.

5       **THE DEFENDANT:**  I met with my co-defendant.  We met online

6  and began a relationship.  And during one of my visits to her,

7  we engaged in a lewd act with a child.

8       **THE COURT:**  All right.  You and your co-defendant?

9       **THE DEFENDANT:**  Yes.

10      **THE COURT:**  All right.  And where did you travel from and

11 to, to do that?

12      **THE DEFENDANT:**  From the San Francisco area to St. Louis,

13 Missouri.

14      **THE COURT:**  Now, in addition to what you have admitted to,

15 which is a basis for a conviction, I'm going to ask the

16 government to tell you and the Court what it would be prepared

17 to prove if this case went to trial, so you understand what

18 you're facing one more time.

19      **MR. MARTIKAN:**  Thank you, Your Honor.  If this case were

20 to go to trial, the government would be prepared to prove that,

21 in at least August of 2009, the defendant traveled from San

22 Francisco, California, to St. Louis, Missouri, and did so with

23 the intent of engaging in a sexual act with a minor whom he

24 knew was not -- was younger than 12 years of age.  And by

25 "sexual act," we mean the acts described -- one or more of the

1    acts described in Title 18 United States Code Section 2246,

2    Paragraph 2.

3        **THE COURT:**  All right.  You have heard what the government

4    said it would be able to prove if this case went to trial?

5        **THE DEFENDANT:**  Yes, Your Honor.

6        **THE COURT:**  Are the facts that the government just stated

7    substantially correct?

8        **THE DEFENDANT:**  Yes, Your Honor.

9        **THE COURT:**  Are there any corrections you wish to make to

10   those?

11       **THE DEFENDANT:**  No, Your Honor.

12       **THE COURT:**  Are you pleading guilty because you're, in

13   fact, guilty of the charge?

14       **THE DEFENDANT:**  Yes, Your Honor.

15       **THE COURT:**  Now, you've been represented in this case by

16   Mr. Bigeleisen; is that correct?

17       **THE DEFENDANT:**  Yes, Your Honor?

18       **THE COURT:**  Has your attorney given you all of the legal

19   advice that you have needed or wanted?

20       **THE DEFENDANT:**  Yes, Your Honor.

21       **THE COURT:**  Has your attorney done anything that you

22   previously objected to or object to now?

23       **THE DEFENDANT:**  No, Your Honor.

24       **THE COURT:**  Are you satisfied with the legal

25   representation your attorney has provided to you?

 1        THE DEFENDANT:  Yes, Your Honor.

 2        THE COURT:  Now, do you need to obtain any further legal

 3    advice from your attorney now before the Court takes your

 4    guilty plea?  In other words, do you want to talk with your

 5    attorney one more time before we go forward?

 6        THE DEFENDANT:  May I have one second?

 7        THE COURT:  Yes.

 8        THE DEFENDANT:  That's fine.

 9        THE COURT:  All right.  So, with all of the consequences

10    of pleading guilty in mind, Mr. Kyle, how do you plead to count

11    one of the indictment, which charges you with aggravated sexual

12    abuse with children, in violation of 18 United States Code

13    Section 2241(c), guilty or not guilty?

14        THE DEFENDANT:  Guilty, Your Honor.

15        THE COURT:  All right.  The Court finds that the defendant

16    has knowingly, voluntarily and intelligently, with the advice

17    of his attorney, entered a guilty plea.

18        The Court further finds that the elements required to

19    support a conviction under the charged statute have been

20    satisfied.

21        The Court further finds that there is a sufficient factual

22    basis to support the plea.  Therefore, the Court accepts the

23    guilty plea.

24        But as I mentioned I would, Mr. Kyle, I'm going to reserve

25    ruling on whether to accept the agreement, pending completion

 1  of a presentence report which I will now order.

 2       So, Madam Clerk, would you please set a date?

 3       **THE COURT:**  August 11th, at 2:00, Your Honor.

 4       **MR. BIGELEISEN:**  May I check my calendar, please?

 5       **MR. MARTIKAN:**  Your Honor, it's very likely I'll be in

 6  trial before Judge Illston that week.

 7       **THE COURT:**  All right.  Does she sit -- do you know what

 8  hours she sits?

 9       Why don't we do this?  Why don't we set it.  You know,

10  I've noted the fact that you have a trial.  And if it doesn't

11  work out, we can continue the date.  But given what happens

12  with trials and schedules, we might as well set it.  And then

13  if we need to move it one way or the other, we can do that --

14       **MR. MARTIKAN:**  Yes, Your Honor.

15       **THE COURT:**  -- so long as the presentence is completed.

16  Is that acceptable to you, Mr. Bigeleisen?

17       **MR. BIGELEISEN:**  Yes, it is.

18       **THE COURT:**  Will that give enough time -- is there going

19  to be a return?  Is the defendant going to be returned to

20  Missouri, or is that going to await the outcome of this case?

21       **MR. MARTIKAN:**  I expect it to await the outcome of this

22  case, Your Honor.

23       **THE COURT:**  All right.  And I'm going to want to see a

24  couple of things from the parties, especially from the

25  government.  I'm going to want a statement from the victim.  I

1    want an impact statement of the victim in this case, or

2    somebody on her behalf, somebody who has evaluated her.

3         And I'm also going to want to hear from both sides why the

4    Court should accept this agreement, because given what little

5    the Court knows about the case from the litigation in this

6    case, the Court is concerned about whether this sentence is

7    appropriate for this defendant and is severe enough for this

8    defendant.

9         So I'm not prejudging anything, except to say that the

10    parties -- both sides know -- Mr. Martikan certainly knows --

11    that this Court does not feel that a (c)(1)(C) provides any

12    kind of mandate to accept these agreements.  And I carefully

13    evaluate each one for the public interest, and I'm going to

14    want to know, as I am in every case -- I expect the parties to

15    have in their report why the Court should accept this

16    disposition, which -- about which, on the face of it, seems to

17    be too lenient for the Court.  So I would like to hear a lot

18    more.

19         But again, I'm just giving you a heads up that I want to

20    know more about the case, more than normal, so I can justify

21    what I'm going to do in this pretty heinous case.

22         All right?

23    **MR. BIGELEISEN:**  Your Honor, I would like to ask for

24    permission to speak, and I'll tell you --

25    **THE COURT:**  Please.

1      **MR. BIGELEISEN:**  -- what the subject is that I'm going to

2   speak on, and that is that -- and you may say, "Speak now or

3   keep your piece."

4      But I would offer one very small bit of information that

5   I'll offer again as to why the Court should accept the plea, if

6   you're interested in entertaining it right now?

7      **THE COURT:**  Well, I think not, and I say that without

8   prejudice because it's a little bit in a vacuum and some time

9   is going to pass.  I would like to have all the information in

10  writing, so you can consider exact -- carefully choose your

11  words; I can evaluate it all at one time.

12     I will certainly listen to and evaluate everything that

13  you say and everything the government says and everything that

14  Mr. Kyle says or those who want to speak on his behalf.

15     Normally, I wouldn't hear about that now because it would

16  not have the impact, and I think it needs repeated again.  I

17  know that you want your client to know that there is -- you

18  know, there is another side to the story, and I'm certainly

19  willing to listen to it.

20     I'm just alerting you of my practice generally, which is

21  to carefully evaluate these.  Because the Supreme Court has

22  given a lot of discretion back to the Courts, and (c)(1)(C)

23  takes that discretion away.  I take that seriously, and I have

24  to evaluate each agreement on the merits.

25     So you will have a full opportunity.  All right?  Anything

1    further?

2        **MR. BIGELEISEN:**  Thank you very much, Your Honor.

3        **MR. MARTIKAN:**  No, Your Honor.

4        **MR. BIGELEISEN:**  Thank you, Mr. Martikan.

5                         *(Hearing adjourned at 3:32 p.m.)*

1                    CERTIFICATE OF REPORTER

2          I, the undersigned, hereby certify that the foregoing

3    proceedings were reported by me, a certified shorthand

4    reporter, and were thereafter transcribed under my direction

5    into typewriting; that the foregoing is a full, complete and

6    true record of said proceedings.

7          I further certify that I am not of counsel or attorney for

8    either or any of the parties in the foregoing proceedings and

9    caption named, or in any way interested in the outcome of the

10   cause named in said caption.

11         The fee charged and the page format for the transcript

12   conform to the regulations of the judicial conference.

13         Furthermore, I certify the invoice does not contain

14   charges for the salaried court reporter's certification page.

15         IN WITNESS WHEREOF, I have hereunto set my hand this 10th

16   day of September 2012.

17

18                            /s/  Margo Gurule

19                       _____

20                       Margo Gurule, CSR

21

22

23

24

25