Case: 12-10356 10/30/2013 ID: 8842745 DktEntry: 48-2 Page: 1 of 8

Case 3:10-cr-00245-CRB Document 94 Filed 11/14/13 Page 1 of 8

FILED

OCT 30 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*US v. Cuenca-Vega*, No. 12-10356

HURWITZ, Circuit Judge dissenting:

Cuenca was removed in 2002 because of a drug conviction. He then re-entered the United States without authorization five times—committing several crimes while in the country—before finally being convicted of illegal reentry in 2012. The issue today is whether Cuenca can successfully collaterally attack his 2002 removal order and overturn the 2012 conviction. The majority holds that he can.

I disagree on two grounds. First, the appropriate standard of review for Cuenca's voluntary-departure due process claim, which he admits was first raised on appeal, is plain error. Second, Cuenca has not demonstrated prejudice from the alleged error.

**I**

In the district court, Cuenca asserted two due process claims relating to the 2002 removal order: (1) the immigration judge erred in ruling that he had been convicted of a controlled substance offense, and (2) the immigration judge committed a "separate due process violation" when he denied Cuenca's request for a continuance in order to seek post-conviction relief with respect to the California conviction that gave rise to the removal proceedings. Cuenca never argued below that the immigration judge also denied him due process by failing to advise him of the

1

possibility of voluntary departure. Cuenca's attorney therefore forthrightly conceded at oral argument that the voluntary-departure due process claim was not raised below.

To be sure, an argument made on appeal that is simply another way of supporting a claim made below is sufficient to trigger harmless error review. For example, in *United States v. Pallares-Galan*, 359 F.3d 1088 (9th Cir. 2004), we reviewed for harmless error the appellant's argument that his conviction did not qualify as an aggravated felony under the categorical approach, despite his failure to pursue that precise argument below, because it was "an alternative argument to support what has been his consistent claim from the beginning": that his state law conviction could not qualify as an aggravated felony. *Id.* at 1095. Colloquially, the argument raised on appeal was "close enough" to that made below to avoid plain error review.

Here, in stark contrast, the only possible relationship between the claims Cuenca made below and the one he makes here is that they each derive generally from the Due Process Clause. That is not nearly close enough. By holding that Cuenca preserved his voluntary-departure claim by asserting entirely unrelated due process claims below, the majority has in effect removed any incentive for a defendant collaterally attacking a removal order to specify his problems with the order. Under the majority's logic, a defendant could preserve a Confrontation Clause claim for

appeal by raising a Speedy Trial Clause claim below; after all, both claims arise under the Sixth Amendment.

That approach stretches the doctrine of *Yee v. City of Escondido*, 503 U.S. 519 (1992), past the breaking point. In *Yee*, the plaintiff asserted a physical occupation Takings Clause claim below, but did not clearly assert a regulatory taking argument until reaching the Supreme Court. *Id*. at 534–35. The Court nonetheless treated the latter argument as preserved, noting that "arguments that the ordinance constitutes a taking in two different ways, by physical occupation and by regulation, are not separate claims" but rather "separate arguments in support of a single claim—that the ordinance effects an unconstitutional taking." *Id*.

In *Yee*, both arguments focused on precisely the same wrong — the unconstitutional taking allegedly caused by the operation of the ordinance. In *Exxon Shipping Co. v. Baker*, the Supreme Court admonished us that *Yee* did not allow unfettered argument switching on appeal, holding that if "'statutory preemption' were a sufficient claim to give Exxon license to rely on newly cited statutes anytime it wished, a litigant could add new constitutional claims as he went along, simply because he had 'consistently argued' that a challenged regulation was unconstitutional." 554 U.S. 471, 486–87 (2008) (quoting *Yee*, 503 U.S. at 533). I therefore do not read *Yee* as allowing an appellant to allege on appeal an entirely

3

different error than that alleged below, but rather only to offer alternative arguments about why the error identified below requires relief.

The wrongs alleged in Cuenca's motion to dismiss the indictment relate to the substantive decision of the immigration judge on the controlled substance offense and his refusal to continue the hearing. The voluntary-departure claim focuses on an entirely different alleged error. I would therefore subject this new claim to plain error review.

## II

I have some doubt that the error here was plain. The error occurred not in the manner that the proceedings below were conducted, but rather in the 2002 immigration proceedings. In the collateral attack on those proceedings, the district court essentially acted in an appellate capacity, and I do not think it can be said to have denied due process by failing to anticipate an argument never made.

But more importantly, a defendant who claims on collateral attack that he was denied due process because an immigration judge failed to advise him of his eligibility for voluntary departure has the burden of proving not only that a due process violation occurred, but also that he was "actually prejudiced" by the error. *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1048–49 (9th Cir. 2012). The government has conceded that the immigration judge failed to advise Cuenca of his eligibility for pre-

4

conclusion voluntary departure. But, contrary to the majority's conclusion, that due process error is not enough to establish prejudice. Rather, Cuenca must also produce some concrete evidence that he "would have availed himself of the procedural protections denied him." *United States v. Cerda-Pena*, 799 F.2d 1374, 1379 (9th Cir. 1986). Admittedly, our case law requires only that the defendant establish that it was "plausible" that he would have accepted voluntary departure, but the burden is nonetheless on the Cuenca to produce *some* evidence supporting his claim. *See United States v. Esparza-Ponce*, 193 F.3d 1133, 1138–39 (9th Cir. 1999) (acknowledging that failing to advise an alien of his right to contact the Mexican Consulate violated due process, but upholding the district court's conclusion that the defendant did not prove prejudice because he had "not demonstrated – nor even alleged – that he would have contacted the consul if he had been informed of his right to do so"); *cf. United States v. Rangel-Gonzales*, 617 F.2d 529, 532 (9th Cir. 1980) (holding that defendant met his burden to show prejudice through an affidavit stating that he would have contacted his consulate had he been made aware of his right to do so).

Cuenca has entirely failed to meet this evidentiary burden. The record lacks even an affidavit from Cuenca that if offered voluntary departure in 2002, he would have accepted it.

5

The majority attempts to fill in this evidentiary void in two ways. First, it conflates the government's admission that Cuenca would have been eligible for voluntary departure, which established the first prong of the prejudice analysis, with a concession that he had also established the second prong, plausibility. Mem. Disposition at 5. Second, the majority itself constructs reasons why Cuenca might have accepted voluntary departure if offered. *Id.* at 6–7.

The majority's speculation is not implausible. But one could equally well speculate to the contrary. If opting for voluntary departure, Cuenca would have been required to concede removability, 8 C.F.R. § 1240.26(b)(1)(i), and thus would have abandoned his chief argument for remaining in the United States — that his California conviction was not for a "controlled substance offense." Moreover, his departure would likely have been sooner if he chose voluntary departure than if the entire administrative and judicial process were fully played out. The issue is not whether my speculation is more plausible than that of the majority, but whether Cuenca himself has established plausibility.

Moreover, even if Cuenca had made some record showing of plausibility, the government would be allowed to attempt to rebut that showing. *See United States v. Gonzalez–Valerio*, 342 F.3d 1051, 1054 (9th Cir. 2003) ("Once Gonzalez makes a prima facie showing of prejudice, the burden shifts to the government to demonstrate

6

Case: 12-10850  10/30/2013  ID: 8842745  DktEntry: 48-2  Page: 7 of 8
Case 3:10-cr-00245-CRB  Document 94  Filed 11/14/13  Page 7 of 8

that the procedural violation could not have changed the proceedings' outcome."). In *United States v. Melendez-Castro*, 671 F.3d 950 (9th Cir. 2012), after concluding that the defendant was eligible for voluntary departure but "never had a genuine opportunity to apply for voluntary departure or to present evidence of the factors favoring this relief," we remanded to the district court to "fully analyze the issue of prejudice" in the first instance. *Id*. at 954–55. The majority today denies the government any real opportunity to challenge Cuenca's assertions, concluding that the government has not rebutted the reasons offered for the first time on appeal—largely by the majority itself—to demonstrate plausibility. But, because the government did not know that Cuenca would make a new argument on appeal, it could hardly have rebutted it below. Even under the majority's view, the government deserves an opportunity to question Cuenca about the issue and determine whether he would have accepted voluntary departure in light of the effect of such a strategy on his substantive arguments, or whether he actually knew of the possibility of voluntary departure through sources other than the immigration judge, but nonetheless rejected it.

## III

For these reasons, I cannot conclude that the 2002 removal order was invalid. I would affirm the judgment of the district court and respectfully dissent.[1]

---

[1] In light of its disposition, the majority does not treat Cuenca's other arguments—neither of which, like his voluntary-departure due process claim, were made below. Cuenca correctly asserts that the state law under which he was convicted punishes more conduct than is encompassed within the federal definition of a "controlled substance" offense in 8 U.S.C. § 1227(a)(2)(B)(i). Cuenca, however, admitted during his plea colloquy in the state court, that he possessed methamphetamine, which made him removable under 8 U.S.C. § 1227(a)(2)(B)(i). The record thus established the requisite crime under the modified categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013).

Nor has Cuenca demonstrated that his attorney's decision to pursue expungement in state court rather than appeal the immigration judge's removal order to the BIA plausibly affected the outcome of his removal proceedings. Absent some alteration of the crime of conviction in state court proceedings, Cuenca could not escape removal under § 1227(a)(2)(B)(i). And, Cuenca was unsuccessful in the expungement efforts.